## S. H. MUSGRAVES v. STATE.

No. A-68.   Opinion Filed January 25, 1910.

(106 Pac. 544.)

1. **CONTINUANCE—Absence of Witness.** (a) Application for a continuance should be most strongly construed against the pleader. Intendment and presumption will not be indulged in to support such applications.

(b) A defendant should not sit still and wait until just before his trial before he begins to get ready for trial, but must exercise diligence in procuring process for his witnesses.

(c) For an application for a continuance which was fatally defective in not showing proper diligence, see opinion.

2. **WITNESSES — Impeachment — Cross-Examination.** (a) It is improper to ask a witness, for the purpose of affecting his credibility, as to whether he has ever been indicted, arrested, or imprisoned for crime. **Slater v. United States,** 1, Okla., Cr. 273, 98 Pac. 110, and **Price v. United States,** 1 Okla., Cr. 291, 97 Pac. 1056, approved.

(b) It is permissible on cross-examination to inquire into the occupation, social connections, and manner of living of a

witness. These matters, being voluntary on his part, may be shown for the purpose of affecting his · credibility.

3.    APPEAL AND ERROR—Objections Waived. If instructions excepted to are not complained of and copied in full in the brief of counsel for the defense, they will be treated as waived, unless they relate to some fundamental matter.

(Syllabus by the Court.)

*Appeal from Johnston County Court; · Nick Wolfe, Judge.*

S. H. Musgraves was convicted of violating the prohibitory law, and appeals. Affirmed.

*Young & Stobaugh,* for appellant.—Citing: *Graham v. State,* 50 Ark. 161; *Price v. U. S.,* 1 Okla. Cr. 291; 3 Rice on Evidence, p. 608.

*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. First. The defendant presented the following duly verified motion for a continuance:

"In the Johnston County Court. State of Oklahoma, v. S. H. Musgraves, Defendant. Motion for Continuance. Comes the defendant, and moves the court to continue the trial of this cause until a future term of this court, and for cause says that he cannot safely go to trial on account of the. absence of Claude Cox, who until a very few days ago resided at Ada, Okla., and now resides at Sulphur, Okla., as he is informed and believes that if he were present he would swear that the defendant was sick in bed at his home in Wapanucka, Okla., from the last days of December, 1907, until the 25th day of January, 1908, and was absent from his place until after the said 18th day of January, 1908, the day on which the state witness will swear that he bought liquor from the defendant; that on the 2d day of October, 1908, he caused a subpoena to issue out of this court for the said Claude Cox, and sent same to sheriff of Pontotoc county at Ada, Okla., and that on the 5th day of October, 1908, about noon, he was informed by the sheriff of Johnston county that the subpoena had been returned not served, and that said sheriff of Pontotoc county writes a statement in which he says, 'Cox has just left here, and said he was going to Sulphur,' signed 'T. J. Smith'; that at the time he caused said subpoena to issue said Cox was a resident of Ada, Okla., and that after the suing out of said process he left for Sulphur in Murray county, Okla., and that he cannot get a sub-

pœna served on him at Sulphur in time for him to be present at this term of this court, and that he verily believes that he can procure the attendance of said witness at the next term of this court, and that he now resides within the jurisdiction of this court, and that said witness' testimony as above mentioned, and many other facts that he expects to prove by said witness are true, and that he in good faith expected that he would be present at the present term of this court till he received information from the sheriff of Johnston county."

This motion was overruled by the court, and defendant reserved an exception to such motion. It is the duty of the pleader to state in a motion for a continuance the facts relied upon in their strongest possible form in favor of the defendant. Intendment and presumption cannot be indulged in to support such a motion. The purpose of the evidence, on account of the absence of which a continuance was sought, was to prove an alibi. The allegations with reference to the sickness of the defendant and his absence from the place when the offense is alleged to have been committed are vague and indefinite, and do not attempt to show the means of knowledge of the absent witness. It is nowhere stated in the motion that the witness was not absent through the consent or procurement of the defendant. No reason is given why process was not procured for the witness at an earlier date. The law requires diligence in these matters. A defendant cannot sit still and wait until just before his trial before he begins to get ready for trial. He must be diligent; and, if special reasons exist upon which a reasonably prudent man would rely, which would cause him to fail to exercise the utmost diligence, he must state these reasons in his motion for a continuance as an excuse for not having exercised the utmost diligence. No such reasons are stated in the motion in this case. Continuances are not granted as matters of favor or convenience. Defendants must learn that it is a very serious matter to violate the laws of Oklahoma, and that when they are charged with such conduct, they must be diligent in preparing their defense. There was no error in the action of the trial court in overruling the motion for a continuance.

3 OKLAHOMA CRIMINAL REPORTS.

Second. The second ground relied upon by the defendant to secure a reversal is thus stated in the brief of his counsel:

"The court, over the defendant's objection, permitted the county attorney to ask defendant, on cross-examination, 'Did you not run a joint there before statehood?' and compelled him to answer same. To which the defendant excepted at the time. We submit that this was prejudicial error. The presumption of innocense clothes the defendant at every step of the trial until overcome by competent evidence. There was a time, not very remote, in the history of the jurisprudence of the Indian Territory side of this state, when the rules of evidence were disregarded by the courts, and anything which tended to show the guilt of the defendant was admitted on general principles, but in the case of *Price v. United States,* 1 Okla. Cr. 291, 97 Pac. 1056, recently decided by this court, jurisprudence has been clothed with her ancient apparel, and defendant is not allowed to be convicted on general principles, and the presumption of innocence taken from him by proof tending to show that he has been accused or charged with other wrongdoing. Certainly under the doctrine laid down in that case it is not competent to secure a conviction by showing that, some months before the alleged offense was committed, defendant was in a position in which he might have committed a similar offense against a different sovereignty."

If it had been proven that the defendant had before statehood been arrested or imprisoned for any violation of law, or been accused of any violation of law, then the doctrine of the Price Case would be in point, and this conviction would be reversed. But we do not understand that any such attempt was made. The question simply went to the occupation of the defendant, prior to statehood. In *Slater v. United States,* 1 Okla. Cr. 283, 98 Pac. 113, this court said:

"* * * It is always permissible to inquire into the antecedents of a witness, by showing his occupation, social connections, manner of living, and such matters. * * * The presumption of law is that every person, to a large extent, has the right and power of selecting his occupation, social connections, and manner of living. Being matters largely of his own choice, they indicate his true character, and he is therefore responsible for them, and they may be inquired into for the purpose of affecting his credibility; but these reasons do not apply to indictments,

arrests, or imprisonment before conviction, for the obvious reason that they are not matters of choice, but are involuntary, so far as the witness is concerned."

The Price Case was based upon the Slater Case. An examination shows that the question as to the occupation of the defendant is in strict harmony with the principles of the Slater Case. When the defendant took the witness stand he became subject to the same treatment accorded to other witnesses; and, if he had been voluntarily engaged in any occupation which would tend to impair his credibility, the state had a right to inquire into the matter for the purpose of affecting his credit. There was therefore no error in the ruling of the court.

Third. The third ground relied upon for a reversal is stated in the brief of counsel for the defendant as follows: "We submit that the court erred in giving the instruction objected to by defendant." But the brief does not set out the instruction complained of. It is the settled doctrine of this court that we will presume that the proceedings of courts of record are regular, and that the burden is upon the person who alleges error in such proceedings to place his fingers upon the error complained of, and to set it out fully in the brief, with his objections thereto. Over 600 cases have been appealed to this court. This vast volume of business, in addition to the cases transferred to this court from the Supreme Court, makes it impossible for this court to search records for errors on the mere suggestion thereof. We have therefore found it absolutely necessary to require attorneys to copy in their briefs the portions of the instructions excepted to, and to treat all irregularities not so presented as having been waived, unless the error relates to some fundamental matter. If we were not so much pressed for time, we might relax this rule. But, situated as we are, we cannot do so. We have read the evidence through, and find it conflicting, but this was a matter for the jury to settle. It is enough for us to know that there is evidence in the record which supports the verdict.

. Finding no material error in the record, the judgment of the lower court is affirmed. .   ,

DOYLE and OWEN, JUDGES, concur.