## ALBERT HALL v. STATE.

No. A-2041. Opinion Filed September 9, 1914.

(142 Pac. 1044.)

1. **TRIAL—Continuance—Appeal—Discretionary Ruling.** (a) A motion for continuance, based upon the ground that counsel were employed immediately prior to the calling of the case for trial, and had no time for preparation for the trial on that account, is addressed to the sound discretion of the court, and his rulings thereon will not be disturbed by this court, unless it clearly appears that such court acted arbitrarily and not in the dispassionate exercise of the discretion contemplated by law.

   (b) When an information has been pending more than two terms of court, and the accused has had able counsel employed, and upon the day the cause is set for trial discharges such counsel and retains other counsel to represent him in the trial of his case without any indication that he was without fault in the premises, and the trial court declines to grant a continuance upon the application of the newly employed counsel, this court will not undertake to say there has been an arbitrary abuse of discretion on the part of the court.

2. **SAME—Continuance—Grounds—Diligence.** (a) An application for continuance, based upon the ground that certain material witnesses were absent, is properly overruled by the trial court, when there is no showing that any diligence was used in an effort to procure the attendance of the witnesses desired.

   (b) An accused, who has had a criminal charge pending against him for two or three terms of court, and who has paid money to prosecuting witnesses to leave the jurisdiction of the court, and has at no time had process issued for witnesses in his own behalf, is entitled to little consideration of a motion for continuance on the ground of the absence of his witnesses, by the trial court, and none by this court.

3. **APPEAL—Review—Denial of Continuance.** When an application for continuance has been overruled by a trial court, this court will look to the entire record with a view of determining whether or not an injustice has been done, and when it clearly appears

from the testimony introduced at the trial, and especially the testimony of the accused himself, that he has no defense, and that the conviction was just and proper, a judgment will not be reversed, in the absence of fundamental error.

(Syllabus by the Court.)

*Appeal from District Court, Garvin County;*
*R. McMillan, Judge.*

Albert Hall was convicted of assault with intent to kill, and appeals. Affirmed.

*Carr & Field,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J. Plaintiff in error, Albert Hall, was tried and convicted at the January, 1913, term of the district court of Garvin county on a charge of assault with intent to kill Clarence McBroom, and his punishment fixed at imprisonment in the state penitentiary for a period of six years.

The difficulty out of which the conviction grew occurred the latter part of November, 1911, in Garvin county, Okla. The plaintiff in error is a man 45 years old, and the injured party a boy about 18 years old. Both are negroes. It appears from the proof introduced at the trial that the plaintiff in error and McBroom went to the home of a neighbor negro, named Russell, on Thanksgiving day; that among others there was at Russell's home a woman by the name of Gerty Blue. The Blue woman and Clarence McBroom were scuffling on the porch. The plaintiff in error ordered them to behave and not to start anything. The Blue woman answered that they were not starting anything, but playing.

Proof on behalf of the state tends to show that the plaintiff in error had been out in the yard sharpening a knife, the blade of which was about seven or eight inches long. Somebody asked him for the knife, and he declined to give it up. He walked up to McBroom, caught him by the shirt, and jerked him off the porch and stabbed him in two or three places. One of the wounds pierced the lung; the knife going entirely

through the body. McBroom begged the plaintiff in error not to cut him any more, saying he had already killed him. Some other person spoke up and cursed the plaintiff in error and told him he could not kill the boy in any such manner. The plaintiff in error put the knife up his sleeve and went away from the house.

The plaintiff in error, in his own behalf, testified that Clarence McBroom and Gerty Blue were quarreling and fussing; that McBroom was standing in the door and would not let this Blue woman out; that some one called his attention to the fact that McBroom was his relative and asked him to do something with them. He spoke to McBroom and told him to behave; that McBroom got angry and cursed him and called him a vulgar name; that McBroom picked up a stick of stove wood and started toward him; that it was the first time he was ever abused in that manner; that he grabbed the club McBroom had and cut him. He gave as his reasons for stabbing McBroom that the language McBroom used toward him made him so mad, and, having the trouble with him, he did not have time to reflect. His testimony in his own behalf is a plea of guilty to the charge. He admits stabbing McBroom when he was unarmed, and all because he was mad and did not take time to reflect.

Counsel in their brief have made no effort to point out any error occurring at the trial of the case proper. They base their sole contention on the ground that the trial court should have granted them a continuance for two reasons: First, because they were employed on the case on the morning the cause was set for trial; and, second, on the ground that certain witnesses were absent.

A careful reading of the record does not indicate an abuse of discretion on the part of the trial court. The plaintiff in error was a negro of means and had able counsel employed prior to the employment of Carr & Field. He had some disagreement with his counsel on the morning the case was set for trial, and thereupon made other arrangements. Neither counsel had made

any effort to secure the attendance of the absent witness. The record discloses the fact that plaintiff in error had paid the prosecuting witness $105.50 to leave the country and fail to appear as a witness against him in the trial. On the day the case was set for trial at a former term of court, the prosecuting witness was absent by the procurement of the plaintiff in error. It is absolutely clear to this court that the plaintiff in error was not relying on the assistance of other witnesses, but was relying on his ability to prevent the appearance of the prosecuting witness to testify against him. In our judgment the trial court acted entirely within the reasonable exercise of his discretion, and properly required the case to be tried. The application for the postponement on the ground of absent witnesses for a period of four days may or may not have been meritorious. Nowhere in the record is there an indication that counsel had asked for process, yet they contended their witness was at Marietta, only a short distance south of Pauls Valley. The trial court was confronted with the affirmative proposition that no process had been sought, and no effort made to procure the attendance of the witness by counsel formerly employed; that present counsel, after their employment, had not sought the process of the court to obtain the presence of the witness. Under ordinary circumstances, reasonable time to get process to Marietta and a return of the witness should have been granted, but the trial court was familiar with the facts, and in all probability was familiar with the conduct of the plaintiff in error, as disclosed by this record. If he had not been, he certainly would have granted time to procure the witness, but, upon a reading of this record and examination of the testimony given by the accused, it is clear that, if the witness had appeared and testified to all that was claimed, the testimony would not have been material, and from the whole record it is entirely clear that the trial court deprived the accused of no material right by putting him on trial. If the plaintiff in error had been anything like as diligent in attending to his own business as he apparently was in endeavoring to run the state's wit-

ness out of the jurisdiction of the court, he would probably be in some attitude to complain.

Zeal of counsel is always appreciated, but in this case it is absolutely without merit. Society was done no wrong in the conviction of this plaintiff in error, and he was deprived of no substantial right. The difficulty was uncalled for and wholly without justification. There is entirely too much inclination on the part of some residents of Oklahoma to resort to force in order to impose their views on others. The law tolerates no such conduct as the accused was guilty of in this case.

The judgment of the trial court was entirely just and proper. It is therefore in all things affirmed.

DOYLE, J., concurs. FURMAN, J., absent and not participating.