## JOHN D. MURPHY v. STATE.

No. A-3123.   Opinion Filed December 14, 1918.

(176 Pac. 417.)

**WITNESSES—Credibility—Cross-Examination.** It is prejudicial error for the court, on cross-examination of a witness, to sustain objections to any question as to the witness' social connections and manner of living, or any question which tends to explain, contradict, or discredit any testimony given by the witness in chief, or to show that the witness has been convicted of crime, for the purpose of affecting the credibility of the witness.

*Appeal from District Court, Washita County;*
*Thomas A. Edwards, Judge.*

John D. Murphy was convicted of rape in the second degree, his motion for a new trial was overruled, and he appeals.   Reversed and remanded.

*Swan C. Burnette,* for plaintiff in error.

*S. P. Freeling,* **Atty. Gen.,** and *R. McMillan,* Asst Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, John D. Murphy, hereinafter styled defendant, was informed against in the district court of Washita county for the offense of "rape in the second degree," convicted, and sentenced to the penitentiary for three years and six months.   Defendant's motion for a new trial being overruled, he appeals to this court.

The undenied evidence is that on the 21st day of February, 1915, defendant went to the home of Rosa Fromcke, accompanied by Mrs. Sylvia Viniti, and asked Rosa Fromcke to go to a dance with them, which was to be given at Ben Stout's; that said named parties, with Jake Gorging as driver, got into a car, and proceeded first to "the Dam," and thence to Ben Stout's place, where they remained about one hour, and then, about midnight, proceeded to the hotel of the defendant in Bessie, when they all got out of the car and went into the said hotel; that the said Rosa Fromcke was a well-developed woman at the time of the trial, which was held on the 23d day of February, 1917; that in going to and returning from the dance said Sylvia Viniti and the defendant rode in the same seat in the car, and Rosa Fromcke and Jake Gorging rode in the same seat in the car, and that the said Rosa Fromcke and Jake Gorging, at the said dance, continually danced together, and Sylvia Viniti and the defendant, at said dance, danced together; and that one of said women and one of said men retired to a private room, and that the other of said women and the other of said men retired to a private room, where sexual intercourse was indulged in, and that each of said women was a prostitute. The evidence is in conflict as to whether Rosa Fromcke retired and had sexual intercourse with the defendant, or retired and had sexual intercourse with Jake Gorging, at the time alleged in the information.

Upon the cross-examination of Rosa Fromcke, the prosecuting witness, the defendant propounded to her the following questions, to which said questions the county attorney interposed objections, which were sustained by the court, and exceptions saved:

(1) "Now, as a matter of fact, Rosa, you have been selling your body to whoever would pay the price?"

(2) "Now, Miss Rosa, in the case of *State of Oklahoma v. R. E. Elam,* in which you appeared as prosecuting witness, didn't you say, in answer to the question of Mr. Smith, that Mr. Elam had had intercourse with you from the 1st day of February, 1915, until July, 1915, and that he paid you $2 for every time he had intercourse?"

Upon sustaining objections to said questions, the court said:

"I want to admonish counsel that the court is ruling that the previous chaste character of the prosecuting witness is immaterial, if the jury find that her age is under 16, and you will conduct your examination accordingly."

Sylvia Viniti testified, as witness for defendant, that she, and not Rosa Fromcke, on the night of the dance at Mr. Stout's, and after the dance, and at the hotel of defendant in Bessie, slept with the defendant; that on that night she, the witness, did not occupy a room with Jake Gorging.

There are several errors assigned, but we deem it unnecessary to review any other errors than the action of the court in sustaining the objections of the county attorney to the questions hereinbefore set out and propounded by the defendant, upon cross-examination of the prosecuting witness, Rosa Fromcke, and the action of the court in overruling the objection of the defendant to the questions propounded to the defendant's witness, Sylvia Viniti, by the county attorney.

The vital question involved in this case is: Did the defendant have sexual intercourse with the prosecuting witness, Rosa Fromcke, as charged in the information in this case? And the evidence of the defendant being in

direct conflict, as to such sexual intercourse, with the evidence of said prosecuting witness, it was important to the defendant, if he could, to show a want of credibility on the part of said prosecuting witness, and this he could legally do by propounding to the prosecuting witness these questions, on cross-examination, to which the court sustained objections of the county attorney, and in so doing committed prejudicial errors.

In *Hopkins v. State,* 9 Okla. Cr. 104, 130 Pac. 1101, Ann. Cas. 1915B, 736, it is held:

"On cross-examination of a witness, as a general rule, the party cross-examining should be confined to the matters concerning which the witness has been examined in chief; but this rule should be liberally construed, so as to permit any question to be asked on cross-examination which reasonably tends to explain, contradict, or discredit any testimony given by the witness in chief, or to test his accuracy, memory, veracity, character, or credibility. This must necessarily include impeaching questions, although they may relate to matters independent of the questions testified to in chief."

In *Musgraves v. State,* 3 Okla. Cr. 421, 106 Pac. 544, it is held:

"It is permissible on cross-examination to inquire into the occupation, social connections, and manner of living of a witness. These matters, being voluntary on his part, may be shown for the purpose of affecting his credibility."

The ruling in *Musgraves v. State, supra,* and in *Hopkins v. State, supra,* finds support in many decisions of this court.

Upon authorities hereinbefore cited, the court did not err in overruling the objections of the defendant to the questions propounded, on cross-examination, to the defend-

ant's witness Sylvia Viniti. The same rule of law applying to all the witnesses, it is difficult to determine why the court sustained objections of the county attorney, and overruled objections of defendant, to the same class of examination, involving in each the same question of law.

For errors pointed out, this case must be reversed and remanded.

DOYLE, P. J., and MATSON, J., concur.