## SAMUEL JACOBS v. STATE.

No. A-5528. Opinion Filed Oct. 2, 1926.
(249 Pac. 435.)

Earl J. Smith, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kay county on a charge of grand larceny, and sentenced to serve a term of four years in the state penitentiary.

The record discloses that on the 25th day of October, 1923, a store at Ponca City was entered and fur gar-

ments of a value of about $8,000 stolen. A few days later defendant had conveyed to the depot at Ponca City a trunk and a box. The trunk was sent by express to Denver, Colo., and a detective working on the case wired the officers there. A few days later this trunk, containing most of the property stolen, together with a hand bag and some personal belongings of defendant, were recovered by the police officers at a hotel in Denver. An officer from Ponca City went to Denver and recovered the property, and a day or two later defendant was arrested in Kay county. When arrested, he at first stated that he had been at Tonkawa, but later admitted that he had been at Denver and claimed his traveling bag and personal effects. He made some claim of having purchased the stolen property with money procured from two other persons whose names he did not know, and said he was out about $800 on the property. At Denver he had registered under a fictitious name. Defendant did not take the stand and offered no testimony in his defense.

It is argued that the court erred in admitting in evidence the property recovered at Denver because it was not shown to have been recovered by the officers at Denver on a valid search warrant. There was no evidence as to the manner in which it was recovered, whether with or without a search warrant, or whether in the private room of the defendant or elsewhere. Error is not presumed, but must be made to affirmatively appear. The police officers at Denver, upon the information furnished them, would have been warranted in arresting defendant if he had been found, upon reasonable cause for believing him guilty of a felony.

It is also argued that the court erred in refusing defendant's three requests for special instructions. The first informs the jury that the mere possession of recently stolen property is not within itself sufficient to convict. This is sufficiently and correctly covered by the court's

charge. The second has reference to the admissibility in evidence of statements made by defendant, and is incorrect, and was properly refused. The admissibility of evidence is a matter for the court and not the jury. The third is, in substance, that the jury cannot convict the defendant unless they find him guilty, or in complicity with the original taking, and that any subsequent connection with the property, whether in good or bad faith, would not constitute larceny. The substance of this instruction is fully covered by the court's charge. There is no merit in the contentions made, and no error prejudicial to the defendant is apparent.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.