## LEE SANDERS v. STATE.

No. A-6202. Opinion Filed Dec. 29, 1927.
(262 Pac. 216.)

Ash & Jones, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Washita county for the crime of burglary in the second degree, and sentenced to serve a term of two and one-half years in the state penitentiary.

The record discloses that on the night of February 12, 1925, the garage of W. A. Martin, in the town of Canute, was broken into, and a number of automobile tires stolen therefrom.  Defendant was jointly charged with one Dug Barnett, a severance was taken, and the defendant was tried separately.  The evidence is circumstantial.  Witnesses for the state testified that defendant and Barnett were seen in the town of Canute a few days prior to the burglary, and an employee of the garage testified defendant was at the garage some time in the afternoon before the burglary.  F. W. Hix, a deputy sheriff, testified he saw defendant and Barnett in the town of Canute about 12 o'clock of the night of the burglary.  There is substantial evidence that a few days later defendant was connected with the sale of some of the stolen tires to a garage proprietor at the town of Willow.  Defendant and Barnett were arrested at Electra, Tex.  The defense was an alibi.

The principal contention argued by defendant is error in overruling his application for a continuance because of the abence of the witnesses Jack Henson, of Mangum, and Walter West, of Anadarko.  Henson was served with subpoena, but did not appear, and there is an affidavit from a physician that he deemed it "unadvisable" for the witness to attend, as the wife of the witness was expected to be confined within a short while.  It is less than 50 miles from Mangum to Cordell where the trial was had.  There is no sufficient excuse for the witness not attending, and, if defendant very seriously desired his presence, it could have been had by attachment, but none was requested.  An examination of the record

also discloses that the testimony of Henson as set out was cumulative of the testimony of several other witnesses. It is ordinarily not error to deny a continuance on account of the absence of a witness whose testimony is cumulative. The affidavit does not allege defendant believed the testimony of the absent witness to be true.

As to the witness West, a subpoena was issued for him on September 25th, and delivered to the sheriff of Caddo county on the following day. It was returned October 10th, unserved for the reason that the witness could not be found in Caddo county. The trial was not had until October 21st. The application does not show where the witness is; merely that he is absent from Caddo county. It does not show any likelihood that the attendance of the witness could be had at any subsequent term of court. The testimony of this witness as set out in the application tends to support the defense of alibi, and in a general way is cumulative of several other witnesses. The proof on the part of the state is so convincing that there is no likelihood that the testimony of these witnesses would have affected the verdict. It has been many times held by this court that an application for a continuance is to be strictly construed against the applicant. They are addressed to the sound discretion of the trial court, and a judgment of conviction will not be disturbed because of the overruling of an application on account of the absence of witnesses, unless there is a clear abuse of discretion, which is not made to appear here.

In further support of this assignment of error, brief directs the attention of the court to the affidavit of certain jurors attached to the motion for a new trial, in substance that the jurors argued and considered the failure of defendant to produce the witness West in arriving at a verdict. The jurors may not impeach their verdict in this manner. Defendant in his testimony, if his counsel saw fit, might have explained his reason for not pro-

ducing the witness West. These affidavits present nothing which affects the trial to the prejudice of defendant. Overton. v. State, 7 Okla. Cr. 203, 114 P. 1132, 123 P. 175; Craddock v. State, 13 Okla. Cr. 724, 167 P. 331.

It is apparent from an examination of the whole record that the guilt of defendant is clearly proven, and his trial free from prejudicial error.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.