## TOBE BAILEY v. STATE.

No. A-6733.  Opinion Filed Oct. 21, 1929.
Rehearing Denied Dec. 16, 1929.
(282 Pac 894.)

J. W. Bolen, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted of grand larceny in the

district court of Pontotoc county, and his punishment fixed at confinement in the state penitentiary for a term of two years.

Briefly stated, the record discloses a state of facts about as follows: Just prior to the larceny, the prosecuting witness Collins had butchered several hogs, and had stored a part of the meat in a garage, some 30 or 40 yards from his dwelling house. This meat was stolen in the nighttime, and the evidence is that a car had been parked some distance from the garage, and it appeared from the tracks that two men had made several trips from the car to the garage. Some of the tracks about the garage had peculiarities which tallied with shoes worn by defendant at the time he was arrested. A search warrant was issued, the premises of defendant were searched, and nine middlings and four shoulders of meat were found, all of which had been recently butchered. From the size and the manner in which it was butchered and some distinguishing marks the prosecuting witness identified this as his property. A witness testified that on the night of the larceny he saw a Ford touring car leave the Collins place covered with a white cloth; the inference being that this covered the stolen meat being transported in the car. Another witness testified he lived with defendant; that on the day before 'the night of the larceny defendant and a codefendant left the home in a Ford car, and returned that night with fourteen large pieces of meat; that he helped unload it; and that there were nine middlings and four shoulders; that defendant had no hogs during the time he had been there.

The principal contention is that the court erred in overruling defendant's application for a postponement, evidently under section 2654, Comp. St. 1921. The information was filed in January, 1926. The case was not tried

until February, 1927. It was assigned for trial for some three weeks, and the witnesses for the state had been subpoenaed beginning on February 3, and for some days thereafter. On the day of trial, counsel for defendant asked that it be postponed for a day, stating that a witness who lived in Pontotoc county was absent, who, if present, would testify that three of the hogs in controversy were sold by him to the codefendant Roper, and would further testify that this defendant had never claimed the meat, but was only hired to haul it; that he would show by other witnesses that the other meat in the possession of defendant came from hogs of his own, and that three witnesses would testify that they had assisted defendant in killing his hogs; that counsel for defendant had been employed on the preceding day, and that the subpoenas were issued on the morning of the trial. This application was stated in open court, and was not verified.

An application for a postponement or adjournment for a short time is generally looked on with more favor than an application for a continuance for the term. A postponement, however, is a continuance for the time being, and an application for a postponement is within the discretion of the trial court. Unless there is an abuse of discretion, the denial of such application will not constitute ground for a reversal. The application here was informal, and showed no reason for a postponement. A person charged with a felony is not permitted to wait until the day preceding the trial of his case to employ counsel and until the day of trial to have his witnesses subpoenaed and then ask for a postponement because his witnesses are not present. If he expects the assistance of counsel, he must employ him in time and subpoena his witnesses and to prepare for his trial. Musgraves v. State, 3 Okla. Cr. 421, 106 Pac. 544; Davis v. State, 10 Okla. Cr. 169, 135

Pac. 438; Sanders v. State 38 Okla. Cr. 386, 262 Pac. 216; Hogan v. State, 42 Okla. Cr. 188, 275 Pac. 355.

The record conclusively shows the guilt of defendant as charged, and is free of any prejudicial error.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.