# L. A. WIYGUL v. STATE.

No. A-7370.   Opinion Filed. July 5, 1930.
Rehearing Denied Aug. 23, 1930.
(290 Pac. 418.)

I. L. Strange, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, for convenience referred to as the defendant, was convicted of embezzlement and his punishment fixed at imprisonment in the state penitentiary for one year.   Motion for new trial was filed, considered, and overruled, and defendant duly excepted, and by petition in error and case-made attached appealed to this court.

246

The facts, in substance, as disclosed by the state and the defendant, are that on January 23, 1923, W. E. McKinney, administrator of the estate of a sister of Charles M. Gasway, forwarded to Charles M. Gasway a check for $200 representing his distributive share in his sister's estate. It appears that Gasway took the check to his home and with some other papers put them away and failed to cash the check, and on or about December, 1927, found the check, which was drawn on the American National Bank of Fort Towson, Okla., and immediately presented it for payment, and a Mr. Hall, who was the cashier of the American National Bank of Fort Towson, refused payment on the check for the reason that the check was dated nearly five years prior to the date of its presentation, and expressed a desire to investigate the matter before paying the check.

At the time Mr. Gasway presented the check to the bank for payment, the defendant was a practicing attorney, and Mr. Gasway called at his office and advised the defendant that he had presented the check to the bank and payment had been refused, and the prosecuting witness says that he advised the defendant the money was due him from his sister's estate and that he had with him some papers, which he showed to the defendant so the defendant would know the money was due him. The prosecuting witness says he employed Mr. Wiygul to collect the check from the bank for a fee of $10. It is admitted that the defendant collected the money from the bank, and defendant says that Gasway came to his office and told Mr. Hall, the cashier of the bank, told him that the check was no good; that Mr. Gasway was mad when he came to his office, and he told Mr. Gasway he did not believe the check could be collected; and that Mr. Gasway threw the check down on his desk and said he would

rather the defendant would have the money the check called for than for the bank to have it and for him to collect it, if he could, and to keep the money. The defendant then says he told Gasway to indorse the check, and that Gasway indorsed the check and left it with the defendant in his office. This is, in substance, all the testimony material to the issue in this case.

The defendant has assigned six errors alleged to have been committed by the court in the trial; the first being the court erred in overruling his motion for a continuance. The defendant's motion for continuance was based on the ground of the absence of Ben Cline, a material witness, and set forth what he expected to prove by Cline, who had been subpoenaed, but was absent from the county at the time the case was called for trial.

This court has repeatedly held that an application for continuance on account of an absent witness is addressed to the sound discretion of the trial court, and unless there is a manifest abuse of such discretion, the judgment and conviction will not be reversed because a continuance was denied. Sanders v. State, 38 Okla. Cr. 386, 262 Pac. 216.

It is the duty of the defendant, before he applies for a continuance, to exhaust all his legal remedies to obtain the presence of his witness, and this must affirmatively appear in the application for the continuance; otherwise the application will be bad upon its face. McCarter v. State, 14 Okla. Cr. 305, 170 Pac. 712.

There is no showing in the record that the defendant, when his witness failed to appear, asked the court for an attachment to compel the attendance of the absent witness. It is further shown that the absent witness had

testified in the preliminary trial and the record of his testimony was available to the defendant.

The court did not abuse its discretion in overruling the defendant's motion for a continuance.

It is next contended by the defendant that the trial court erred in permitting improper contradiction of the defendant in rebuttal by the state witness. A careful study of the record in this case shows that the only controversy between the state and defendant was the one question, Did the prosecuting witness Gasway, when he went to defendant's office with the unpaid check, indorse the same and give it to the defendant with the statement that if he could collect it to collect it and keep the money, or did he go to defendant's office for the purpose of having the defendant collect the money due on the check for him, for which he was to pay the defendant $10? The record discloses that the defendant collected the money shortly after the check was delivered to him by the prosecuting witness. We hold that the cross-examination of the defendant, and the rebuttal testimony offered by the state to show that shortly after the defendant received the check he had money in his pocket and made a statement to the witness Henderson that he could not pay him for the reason that this money belonged to a client for whom he had collected it, in view of the record in this case, did not prejudice the rights of the defendant. The conflict in the testimony was settled by the jury, the jury by its verdict found the defendant guilty of having collected the $200 due upon the check the prosecuting witness delivered to him, and when the prosecuting witness demanded the money failed to pay it. The testimony, though conflicting, is sufficient to sustain the judgment. The instruction of the court was fair to the defendant, as the facts stated in the record would justify. There is no error in

the record of sufficient merit to warrant a reversal of this case. The defendant was accorded a fair and impartial trial.

The judgment is affirmed.

EDWARDS, P. J., concurs. CHAPPELL, J., not participating.