EUGENE RALPH CORDONNIER v. STATE.

No. A-10893. March 31, 1948.

(192 P. 2d 298.)

292

Eagin & Eagin, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Eugene Ralph Cordonnier, was charged by an information filed in the district court of Oklahoma county, with the crime of larceny of

an automobile after having been previously convicted of two felonies, was tried, convicted, and sentenced to serve ten years in the State Penitentiary, and has appealed.

The information charged that the defendant, without the knowledge or consent of Al Cook, the owner of the automobile, did take, steal, and drive away from the immediate possession and control of the Civic Parking Lot, a certain automobile with the intent to permanently deprive the owner thereof and appropriate the same to his own use and benefit.

It is first contended that the evidence was wholly insufficient to sustain the conviction. This proposition is based upon the fact that neither the owner of the parking lot nor any of his employees were called as witnesses to establish the lack of consent on their part to the taking of the automobile.

Al Cook testified that he was the owner of a certain 1946 Dodge automobile; that on November 6, 1946, he left his car early in the morning at the Civic Parking Lot; that after he had finished work for the day about 6:00 p. m., he returned to the parking lot for his automobile and found it missing; that he had not given anyone permission to take the automobile; that after talking to the owner of the parking lot he notified the police department; that between the hours of 8:00 and 9:00 p. m. on that date he was notified by the Oklahoma City police department that his car had been recovered and he obtained it from a garage the next morning.

R. S. Riley and R. C. Patterson, two policemen of Oklahoma City, each testified that about 6:00 p. m. on November 6, 1946, they received the report and description of a stolen 1946, maroon Dodge automobile; that about two hours later while driving on Northwest Twen-

ty-Third near May avenue they saw the stolen automobile which turned north at the intersection on Northwest Twenty-Third street and May Avenue; that they forced the automobile to the curb about 75 yards north of the intersection; that the defendant was driving the Dodge automobile. The policemen testified that when they questioned the defendant about the automobile, he said it was a friend's car which he had borrowed, but after further questioning, the defendant told them that he had stolen it. There was other testimony pertaining to the prior convictions of defendant which we shall discuss under another proposition.

This court has held that in a larceny prosecution, the actual status of the legal title to stolen property is no concern of the thief; so far as he is concerned, one may be taken as the owner who is in possession of the property and was unlawfully disturbed by the taking. Butler v. State, 60 Okla. Cr. 188, 62 P. 2d 662. Little v. State, 21 Okla. Cr. 1, 204 P. 305; Hunsaker v. State, 81 Okla. Cr. 321, 164 P. 2d 404.

In this case, although it is alleged that the automobile was taken from the possession of the Civic Parking Lot, the information further alleged that the car was the personal property of Al Cook, and that it was taken without his knowledge or consent. Mr. Cook testified as to the ownership and that the car was taken without his knowledge or consent. In addition, the defendant admitted to the officers that he had stolen the automobile. This proof was certainly sufficient, if credited by the jury, to establish the larceny.

It is contended that the state did not prove the former convictions alleged in the information. There is no merit to this contention for the reason that at the time

the state called the court clerk of Oklahoma county as a witness to prove the former convictions alleged in the information, counsel for the defendant entered into a stipulation agreeing that the defendant had sustained the convictions alleged in the information and waived proof of the same. Later, when counsel for the state attempted to introduce in evidence the informations filed in the cases where the defendant had sustained the other convictions for felonies, counsel for the defense made the following objection:

"Mr. Swimmer: To which counsel for the defense objects on the grounds that further offer of proof is for one and only purpose and that is to prejudice and influence the jury against the defendant. We have admitted the former convictions do exist and that further admissions will tend to do no more than inflame the jury against this defendant since this evidence has been admitted there is no evidence left."

When this objection was made, the assistant county attorney withdrew his offer.

In view of the stipulation made by the counsel for the defendant, coupled with the objection herein above noted, it is obvious that this contention is groundless.

It was contended that the court should have given an instruction on circumstantial evidence and an instruction on the weight to be given to the possession of recently stolen property. The confession of the defendant is direct evidence, and in view of his confession it was not necessary to give any instruction on circumstantial evidence. However, the record discloses that an instruction on circumstantial evidence was given, although there was no instruction on the effect of defendant's possession of recently stolen property.

The defense was based wholly upon the contention that the defendant did not know right from wrong at the time the crime was committed. The defendant did not testify and no explanation whatever was attempted to be made as to the possession of the stolen property. In view of the confession of the defendant, and the other evidence of the state, the court did not err in failing to give such instruction. We again point out that where counsel representing one accused of crime is not satisfied with instructions which are given, it is their duty to request a proper instruction. Counsel who represent the defendant now on appeal did not represent the defendant in the trial of the case, but he was represented by able counsel who did not choose to request such an instruction.

Lastly, it is contended that the defendant did not know right from wrong at the time the automobile was taken. Medical testimony was introduced to show that the defendant was suffering from syphilis of the central nervous system and that a victim of this disease has lapses of memory, and that if the defendant had been drinking, his ability to differentiate right from wrong would have been definitely impaired. Their testimony was that the defendant had occasional mental lapses and that if he took an automobile during one of those lapses he would not know right from wrong. There was no evidence that defendant at the time he stole the automobile was in such condition, although there was proof from the policemen that after they got the defendant to the jail they detected the odor of liquor on his breath. The defendant appeared to act normally to the policemen, and when questioned by the officers to explain his possession stated that he had borrowed the car from a

friend; although later in the questioning he admitted that he had stolen it.

The question of the defendant's sanity at the time of the commission of the crime was fully submitted to the jury by proper instructions; and, under the record, this court would not be justified in holding that there was not sufficient evidence to sustain the verdict of the jury on this question.

The judgment and sentence of the district court of Oklahoma county is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.