# WINEGAR v. STATE.

No. A-11235.   Sept. 6, 1950.

(222 P. 2d 170.)

Gilbert W. Daney, Atoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, J.   This is an appeal brought by Jack Winegar, commonly known as Jack Jackson, the defendant below.   He was charged by information in the district court of Atoka county, Oklahoma, with the larceny of certain personal property of the value of $85.25 from Ace Weaver, custodian thereof for the Amis Construction Company.   See Condonnier v. State, 86 Okla. Cr. 291, 192 P. 2d 298, wherein it was held that the custodian of the property may be considered as the owner so far as the thief is concerned, and also Jackson v. State, 86 Okla.

Cr. 420, 193 P. 2d 895. The said property consisted of construction tools, such as 2 shovels, 2 grubbing hoes, 1 5-gallon can of motor oil, 1 motor fan, 1 ball pean hammer, 1 12″ Crescent wrench, 1 pair of goggles, cutting and welding torch and tools. The defendant was tried by a jury which found him guilty and his punishment fixed at 6 months in the State Penitentiary, and judgment and sentence entered accordingly.

The facts disclose that the defendant, Jack Winegar, had been employed for about three weeks by the Amis Construction Company near Caney in Atoka county, Oklahoma, on highway construction work. The defendant, however, had not been employed by Ace Weaver and the Amis Construction Company for two weeks prior to May 12, 1948, the day of the commission of the alleged crime. Sometime between sundown and dark, Mr. Weaver drove up to the job and as he did so, the defendant, Jackson, backed out into the highway intersection about 150 feet from the toolhouse where Weaver said the tools were prior to the commission of the offense herein alleged. As Weaver came upon the defendant he observed the hereinbefore described tools in the back of the defendant's truck, and commanded him to stop. The defendant's truck got stuck in the mud, and did stop. Weaver asked the defendant where he got the tools. The defendant did not say but replied "They are not yours". Weaver told the defendant they were his and he was going to unload them, whereupon the defendant ran at him armed with a car wrench. Weaver stood his ground and unloaded the tools.

The defendant's defense was that he did not know the tools were in the truck. The defendant admitted he did go down to the construction job and stop. He said he was drunk or asleep and did not know how the tools

got in there. When he started to leave the premises and had gone a little way Mr. Weaver came up and asked him about the tools. He said he then helped put them back where Mr. Weaver wanted them. Other witnesses corroborated some of the details of the crime.

The defendant contends that the state failed to prove the act of "carrying the tools away". This contention is entirely without merit in light of the record. It discloses the tools had been removed from the toolhouse, loaded into the defendant's car, carried 150 feet therein, and that the defendant would have gotten away had not Mr. Weaver appeared in the nick of time. These facts bring the case within the rule of Blakley v. State, 49 Okla. Cr. 10, 292 P. 878, as to asportation or the taking and carrying away of the tools, wherein the following rule is stated as follows:

"To constitute larceny there must be a complete severance of the chattel from the possession of the person from whom it was taken, and an assumption of actual control by the taker; and if complete control is assumed and the goods are actually carried away the least distance, it is enough, although the possession of the taker is immediately interrupted."

See, also, Brinkley v. State, 60 Okla. Cr. 106, 61 P. 2d 1023, wherein it was held that the mere act of pulling corn from the stalks and putting it in a sack constituted asportation. Hagan v. State, 76 Okla. Cr. 127, 140, 134 P. 2d 1042.

Next, the defendant contends that the trial court erred in not granting his request for a continuance. This contention is predicated upon his affidavit and motion wherein it was alleged that he had not had time to prepare for trial. The defendant contends he employed his attorney on the afternoon of Saturday, January 15, 1949, and the case came on for trial on Monday, January 17,

1949. He says his attorney made an extreme effort to locate the court clerk for the purpose of securing the files containing the information relative to the preliminary hearing had in said cause and to inform himself concerning the preliminary hearing and other acts taken against him, but on account of said office being closed on Saturday afternoon he failed to secure any material information except that which he was told by the defendant. It appears from the record that the alleged crime was committed on May 21, 1948, and the case was not brought to trial until 9 months later. Some time between May 21, 1948, and January 8, 1949, I. L. Cook, an attorney at law of Atoka, had been employed to represent the defendant. On January 8, 1949, I. L. Cook withdrew as counsel for the defendant. On January 15, 1949, the defendant employed Mr. Gilbert W. Daney as his counsel. It appears from the record the defendant had from January 8, 1949, until January 17, 1949, in which to make arrangements for counsel and to prepare for his defense. This court has repeatedly held that such matters are addressed to the sound discretion of the trial court. It appears herein that the defendant had ample time in which to employ counsel and in which to make preparation for trial had he availed himself thereof. In the case of Bailey v. State, 45 Okla. Cr. 343, 282 P. 894, in syllabus 2 this court said:

"A defendant in a criminal case who waits until just before the trial to employ counsel and until the day of trial to have subpoenas issued for his witnesses has not used diligence, and there is no error in overruling an application for a postponement under such state of facts."

In the body of the opinion it was said:

"A person charged with a felony is not permitted to wait until the day preceding the trial of his case to employ counsel and until the day of trial to have his wit-

nesses subpoenaed and then ask for a postponement because his witnesses are not present. If he expects the assistance of counsel, he must employ him in time and subpoena his witnesses and to prepare for his trial. Musgraves v. State, 3 Okla. Cr. 421, 106 P. 544; Davis v. State, 10 Okla. Cr. 169, 135 P. 438; Sanders v. State, 38 Okla. Cr. 386, 262 P. 216; Hogan v. State, 42 Okla. Cr. 188, 275 P. 355."

See, also, Lemke v. State, 56 Okla. Cr. 1, 32 P. 2d 331; Hall v. State, 11 Okla. Cr. 57, 142 P. 1044; Hunter v. State, 3 Okla. Cr. 533, 107 P. 444. It therefore appears that the trial court did not commit reversible error in denying the defendant's motion for a continuance under the conditions herein involved. For all of the above and foregoing reasons, the judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.