**Ira Doyle SMITHEY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13350.**

Court of Criminal Appeals of Oklahoma.

Sept. 11, 1963.

Rehearing Denied Oct. 23, 1963.

Valdhe F. Pitman and Malcolm Baucum, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

The defendant, Ira Doyle Smithey, was charged by information, filed in the District Court of Oklahoma County, with the offense of Burglary in the 2nd Degree, after former conviction of a felony. He was tried of said offense; found guilty; and, pursuant to the verdict of the jury, was sentenced to serve 15 years in the Oklahoma State Penitentiary.

The record of the trial proceedings reveals that on April 21, 1962, H. C. Ward, owner of Black's Drug Store, closed and locked the establishment, located at 7300 North Western, Oklahoma City, and that around four o'clock the following morning, he was called to the store by a burglary security alarm firm, who notified him that the alarm had been set off. Ward opened the establishment and found a hole had been cut in the ceiling and another in the side of the safe in his office.

Officer E. L. Bents, of the Nichols Hills Police Department, testified he had heard the alarm ringing, driven to the premises and found the store well-lighted with no sign of disturbance. However, upon checking the back door, he noticed a cigar box containing "approximately 20 to 30 pieces of silver" and a blank receipt for Black's drug store. Searching the area, the officer found an envelope containing money; a drill bit, enclosed in a plastic pouch; and, a small flashlight, which was still lighted, in a vacant lot adjacent to the store.

The accused was apprehended immediately thereafter, lying face down in the grass of the same lot, placed under arrest and taken to police headquarters, where he was searched and found in possession of rolls of silver, identified as belonging to the drug store.

On appeal to this Court, defendant asserts only one general assignment of error: That he was denied his liberty without due process of law. However, for purpose of clarity, we shall deal separately with each contention urged under this single assignment.

Defendant contends that the trial court erred in failing to grant a continuance on the day of trial, forcing the defendant to trial with court appointed counsel rather than counsel of his own choice.

From the evidence, it appears that accused's employed counsel, withdrew from the case eleven days prior to the commencement of trial and that on the same day, the trial court appointed the public defender of Oklahoma County to represent accused. Thereafter, on the day before trial, defendant retained an attorney, who appeared with him in a hearing immediately preceding the beginning of the trial and requested a continuance. The trial court refused to grant same, the attorney withdrew from the case, and the accused went to trial with the previously appointed public defender as his counsel.

An analogous situation to the case at bar is found in Winegar v. State, 92 Okl.Cr. 139, 222 P.2d 170. In the Winegar Case, the defendant waited two days before trial to employ his attorney after counsel who had represented him for nine months withdrew from the case. Although, defendant's first counsel had withdrawn nine days from before the scheduled trial, the defendant waited until two days prior to trial to employ other counsel. Holding that the defendant had over a week in which to make arrangements for counsel and prepare his defense, the court affirmed the judgment and sentence, ruling as it did so, that the granting or denial of a continuance lies within the sound discretion of the trial court, and that under the circumstances there presented, the denial of a continuance was not an abuse of such discretion.

■ We are in accord with the decision rendered in Winegar v. State, supra, and find that decision to be controlling in the case before us. In our opinion, under the facts of the instant case, the trial court did not abuse its discretion in refusing to grant a continuance, and we cannot see that defendant was prejudiced by the representation of an attorney who had knowledge of the evidence and time within which to prepare for trial.

A defendant charged with a felony, who waits until the day preceding the trial of his cause to employ counsel, and then asks for postponement of the trial on the grounds of insufficient time to prepare for that trial has not used due diligence, and denial of his motion for continuance is not error. See Winegar v. State, supra.

Since defendant has raised the question of denial of due process of law, we would comment briefly on the actions of the trial court in procuring counsel. "While it is unquestionably true that every person charged with a criminal offense is entitled to be represented by counsel at every stage of the proceedings, it is equally true that an accused does not have an absolute right to be represented by counsel at public expense. Such right exists *only* where the accused is a poor person *unable to employ counsel.*" Nipp v. State, Okl.Cr., 374 P.2d 624. (Italics ours)

There is nothing in the record to indicate that the accused was in fact a poor person, who under our laws is guaranteed the right to court appointed counsel. To the contrary, the hiring of two different attorneys is ample evidence that he was able to afford said counsel.

 Where defendant makes no showing that he is unable to pay for counsel and makes no request that an attorney be appointed to represent him, it is not the duty of the trial court to appoint counsel at public expense. (Nipp v. State, supra) That the Court did so in the instant case, on the *very* day appellant's paid counsel withdrew, thus, assuring him of continual representation, exemplifies, in our opinion, a protection of the accused's rights in the best judicial tradition.

It is further contended that trial counsel did not adequately represent accused at his trial and counsel for defendant, who did not represent the accused on trial, asks this Court to reverse and remand this cause due to the "gross mishandling of the case by the assistant public defender".

In support of his contention, he cites Wharton's Criminal Law and Procedure, 13th Edition, Vol. 5, Page 360:

"* * * in some jurisdictions a new trial may be granted when the defendant's counsel has grossly mishandled the defense, although a mere error of judgment does not cause any prejudice. * * *

"The same rule applying to incompetence, negligence, illness, or the like, of counsel, as a ground for a new trial or reversal in criminal cases, seems to have been adopted concerning the public defender. No distinction is made on account of the nature of his office."

It is a well settled rule of law that:

"* * * mere perfunctory action by an attorney assuming to represent one accused of crime, which falls short of presenting the evidence favorable to him and invoking the rules of law intended to prevent conviction for an offense of which the accused is innocent or the imposition of a penalty more severe than is deserved, should not be tolerated. But, where a defendant has been found guilty on evidence that amply supports the verdict, and the trial court, by overruling his motion for a new trial, has adjudged that he had a fair trial, it does not follow that this court can reverse the judgment of conviction upon mere suspicion that he was not efficiently defended by his attorney, or because of what other counsel employed in this court, who were not present at the trial, may say about that attorney." Castro v. State, 196 Ind. 385, 147 N.E. 321. See also, People v. Thompson, 321 Ill. 594, 152 N.E. 516.

In his contention, appellant relies upon four cited instances of alleged "mishandling": (1) Failure to object to the introduction of certain physical evidence without requiring the state to prove the chain of possession; (2) Failure to object when a non-qualified witness testified as an expert as to certain evidence procured at the scene of the crime and from the person of defendant; (3) Failure to demand a mistrial, after a juror revealed she was acquainted with one of the witnesses; and, (4) Failure to object to the instruction given by the court and, further failure in saving exceptions when the court refused to give defendant's requested instructions.

 In Gant v. State, Okl.Cr., 377 P.2d 603, the Court of Criminal Appeals stated the law applicable to defendant's first two contentions:

"Errors to which no exceptions are taken will not be considered on appeal unless they are jurisdictional or fundamental in character."

In our opinion trial counsel had ample opportunity to examine the evidence, prepare his defense and employ the trial strategy most favorable to the accused, and, we find no jurisdictional or fundamental error resulting from the testimony admitted.

The present counsel for defendant argues that the trial counsel committed error, prejudicial to appellant's substantial rights when he did not demand a mistrial after a juror revealed she was acquainted with one of the witnesses. The incident referred to occurred after the first witness for the State, H. O. Ward, owner of the burglarized drug store, began to testify. (Page 28 CM)

"The Court: Just a minute please.

"Lady Juror: I just recognized him.

"The Court: Just a minute, you will disregard that please, insofar as this case is concerned.

"A. Yes.

"The Court: Well, the Jury has been sworn.

"The Juror: I am sorry.

"The Court: Do you feel like you can give this defendant a fair and impartial trial?

"The Juror: I would rather not go on with it. I am sorry that I did not recognize the name before we started.

"The Court: That's all right, lady. Come up here please.

(Thereupon, a consultation was had between the Court and Counsel out of hearing of the reporter and the Jury.)

"The Juror: I thought I had to tell you this.

"The Court: That is very kind of you. I assure you and everyone appreciates it and *there is no objection here, both sides think that you can give a fair and impartial trial in the case.* * * *"
(Italics ours)

[Examination of prosecuting witness continued by the State]

██ That the jury knew the prosecuting witness is not necessarily grounds for reversal, for as was said in Moore v. State, 96 Okl.Cr. 118, 250 P.2d 46:

"The constitutional guaranty of fair and impartial trial only excludes those jurors who have an opinion upon the merits of the case, based upon such testimony as may reasonably be expected to be presented upon the trial or an opinion founded on personal ill will toward accused, and does not mean that jurors shall never have heard of case and shall not have any information concerning any of the facts and *shall not be acquainted with prosecuting witness.*" (Italics ours).

██ In conclusion, defendant's assertion that trial counsel's failure to object to instructions of the court and his failure to save exceptions upon the court's refusal to give his requested instructions is likewise without merit. An examination of the instructions as a whole given in the instant case show them to be both fair and correct. Under these circumstances, we adhere to the decision rendered in Jacobs v. State, 35 Okl.Cr. 179, 249 P. 435:

"Where the record fully supports the verdict, and the instructions correctly and fairly submit the issues to the jury, and no error is affirmatively made to appear, the case will be affirmed."

██ The evidence adduced fully supports the verdict of the jury, and finding nothing in the record to indicate that the defendant herein was denied his substantial rights under due process of law, the judgment and sentence of the District Court of Oklahoma County is hereby, affirmed.

NIX and JOHNSON, JJ., concur.