Marel Reno STALLCUP, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13943.

Court of Criminal Appeals of Oklahoma.

July 12, 1967.

Carroll Samara, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge:

Plaintiff in Error, Marel Reno Stallcup, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of Sale of Marihuana. He was tried by a jury, found guilty, and his punishment assessed at Five Years in the penitentiary. From that judgment and sentence, he has appealed to this Court.

From the record, it appears that the State presented it's case against defendant first through the testimony of Kenneth B. Anderson, a chemist for the alcohol and tobacco tax unit, United States Treasury Department in Dallas, Texas, who testified, in substance, that he had analyzed the alleged marihuana, and found it to be in fact—marihauna.

Robert E. Wilkins, a United States Treasury Agent with the Federal Bureau of Narcotics, stationed in Oklahoma City, testified basically that he was the officer who purchased the marihuana from the defendant, and that the defendant was not arrested on the occasion of the purchase in order to possibly allow authorities to determine, through procurement from defendant, the lines of supply of the marihuana.

B. J. Coleman, detective in the Vice Division of the Oklahoma City Police Department, testified that he observed the above stated transaction through field glasses, while parked down the street from the lounge in front of which the transaction took place. A. S. Johnson, detective in in the Vice Division also, corroborated the above stated testimony of Detective Coleman, having also observed the transaction (from the police vehicle) through field glasses.

The defendant took the stand in his own behalf, and testified to essentially the same sequence of events, down to the actual transaction, or the actual sale of the marihuana, of which he denied ever took place.

Defendant further admitted he was, at the time of trial, serving a term in the county jail for Illegal Possession of Barbiturates.

■ The first proposition of error alleges that the trial court abused its discretion by denying the defendant's motion for continuance. From the record, it appears that defendant was arrested on this charge in March, 1965. He was represented by the firm of Miskovsky, Sullivan, Embry & Miskovsky through his preliminary hearing; and until June 15, 1965, when they filed a motion to withdraw, which was granted. Defendant's motion for continuance alleges that present counsel, Mr. Carroll Samara, was not retained to represent the defendant until Friday, September 18, 1965. The case was then set for trial for Monday, September 20, 1965. Counsel alleged that he had not had an opportunity to prepare a defense in the case. The county attorney objected, but the trial judge *did* continue the case for two days, or until Wednesday, September 22, 1965. Counsel further alleges he had other cases set for trial in district court on Tuesday and Wednesday, September 21 and 22, respectively.

Counsel asserts this was a "denial of federal and state due process and flagrant abuse of judicial discretion".

This Court has carefully considered the cases cited by defendant to support this

contention, and do not find that they are exactly in point, but seem to go to the general question of the constitutional right of an accused to assistance of counsel.

An analogous situation to the case at bar is found in Winegar v. State, 92 Okl.Cr. 139, 222 P.2d 170, wherein the defendant waited two days before trial to employ his attorney, after counsel who represented him for nine months withdrew from the case. Although defendant's first counsel had withdrawn nine days before the scheduled trial, the defendant waited until two days prior to trial to employ other counsel. Holding that the defendant had over a week in which to make arrangements for counsel and prepare his defense, the Court affirmed the judgment and sentence ruling as it did so, that the granting or denial of a continuance lies within the sound discretion of the trial court, and, that under the circumstances there presented, the denial of a continuance was not an abuse of such discretion.

In the instant cause, defendant had from June, 1965 until September, 1965 to employ other counsel, which was more than sufficient time.

Defendant further alleged in his motion for continuance that the reason he did not employ other counsel was that he was confined in the county jail, and his mother was confined to the hospital due to an automobile injury, until September 16, 1965. However, it does not appear of record when defendant's mother entered the hospital, and therefore would not be sufficient to warrant a motion for continuance.

This Court will adhere to the well-recognized and common sense rule as stated in Grimes v. State, Okl.Cr., 377 P.2d 847:

> "The granting or denial of a motion for continuance is addressed to the sound discretion of the trial court and the actions of the trial court will not be disturbed unless it appears that he acted in an arbitrary or capricious manner."

It does not appear that defendant was prejudiced in any manner in proceeding to trial, as defense counsel did an outstanding job of protecting his rights, and in the defense of the charge with which defendant was on trial.

"A defendant charged with a felony, who waits until a few days before trial to employ counsel, and then asks for postponement of the trial on the grounds of insufficient time to prepare for that trial has not used due diligence, and denial of his motion for continuance is not error." See, Winegar, supra; and Smithey v. State, Okl.Cr., 385 P.2d 920.

Defendant's second proposition of error is that the sentence is excessive. The maximum penalty that could have been imposed is Seven Years and $5,000.00 fine. The jury in the instant cause set the punishment at Five Years—two less than the maximum prison time, with no fine at all.

In good conscience, this Court cannot say that this sentence is excessive, under the facts of the case and the testimony of the witnesses and defendant.

It is, therefore, the order of this Court that the judgment and sentence of the trial court is hereby affirmed.

BUSSEY and BRETT, JJ., concur.