# THE STATE v. WILLIAMS, Appellant.

**Division Two, November 20, 1906.**

1. **CONFLICTING EVIDENCE: Province of Jury.** It is the province of the jury to settle conflicts in the testimony and if there is substantial testimony to support the jury's finding, the appellate court will not interfere.

2. **NEW TRIAL: Newly Discovered Evidence.** A motion for new trial on the ground of newly-discovered evidence, which merely states that new evidence has been discovered, without setting forth the nature and character of such evidence, is properly overruled.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) In his motion for a new trial, defendant alleges that he has discovered new and material evidence; but does not even state what said evidence is, which, of course, is insufficient to give him a new trial. State v. Sublett, 191 Mo. 175; State v. Bowman, 161 Mo. 94; Graham & Wat. on New Trials, 470. (2) The evidence clearly shows that defendant is guilty of both burglary and larceny. State v. Hecock, 83 Mo. 531; State v. Higgins, 88 Mo. 354; State v. Gazelle, 30 Mo. 92; Rex v. Walsh, 1 Mood. C. C. 14; Delk v. State, 64 Miss. 77; State v. Chambers, 22 W. Va. 779; Harrison v. People, 50 N. Y. 518; State v. Green, 81 N. C. 560; Eckles v. State, 20 Ohio St. 508; Underhill on Crim. Evidence, sec. 293; 4 Elliott on Evidence, sec. 3051; 2 Bishop's Crim. Law, secs. 794-806.

FOX, J.—This cause comes here by appeal on the part of the defendant from a judgment of the circuit court of the city of St. Louis convicting him of burglary and larceny.

The indictment upon which this prosecution is predicated is as follows:

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oath present, that Frank Smith and Rube Williams on the eighteenth day of March in the year of our Lord one thousand nine hundred five, at the city of St. Louis aforesaid, into a certain store, shop and building of William Ireland, there situate and being, feloniously and burglariously, forcibly did break and enter with intent then and there and thereby feloniously and burglariously to steal, take and carry away certain goods, wares, merchandise, other valuable things, and personal property in the said store, shop and building, then and there kept and deposited, and in the said store, shop and building four set of harness, all of the value of forty dollars lawful money of the United States of the goods, wares, merchandise, other valuable things and personal property of the said William Ireland, in the said store, shop and building, then and there being found, then and there feloniously and burglariously did steal, take and carry away, with the intent then and there to deprive the owner of the use thereof and to convert the same to his own use; against the peace and dignity of the State."

A severance was granted the defendant and he was tried at the June term, 1905.

The State's evidence tended to prove that William Ireland was in the teaming business, and that his stable was located at No. 1417 Gaty street, St. Louis. In this stable were kept a number of sets of harness, some feed, wagons and horses; the harness being worth between forty and fifty dollars. At seven p. m. on the evening

of the alleged burglary, said stable doors were closed and locked. Defendant had been in Mr. Ireland's employ, but had quit work about one week before, having had a misunderstanding with him over twenty-five cents. Frank Smith had also worked for Mr. Ireland and had quit a short time before. A little while after Mr. Ireland left his stable, one of the neighbors saw the defendant and Smith go to the stable door, try to pick the lock and then make a second effort to pick it. In a little while the door was opened, and the two men entered the stable. Mr. Ireland was notified and he and some other persons went into the stable or barn and saw the defendants in the act of lifting the harness off the hooks, where it was hanging. Defendant and Smith dropped the harness and ran down the alley, but were captured a short distance away.

The evidence for the defendant tended to show that he was not at the stable and did not take part in the burglary; but, on the contrary, was on another street, and had a fight with Mr. Ireland at that time. That the officers ran up and caught defendant, who was standing with a brick in his hands, having had another dispute with Mr. Ireland over a quarter. That defendant was not with and did not see Frank Smith that afternoon or evening.

At the close of the evidence the court instructed the jury and the cause was submitted to them for consideration. The jury returned a verdict finding the defendant guilty of burglary and larceny as charged in the indictment, and fixed his punishment for the burglary at five years imprisonment in the penitentiary and two years additional for the larceny. Judgment and sentence were rendered in accordance with the verdict, and from that judgment the defendant prosecuted his appeal to this court, and the record is now before us for consideration.

OPINION.

The defendant is not represented in this court; however, in obedience to the provisions of the statute we have carefully considered the entire record which fully sets forth what was done in the trial of this cause.

## I.

The court at the close of the case gave eight or nine instructions to the jury. We have considered carefully all of the instructions given by the court; we see no necessity for reproducing them here. It is sufficient to say that they fully and fairly presented the law applicable to every phase of the case to which the testimony was applicable. They are in perfect harmony with the uniform rulings of this court applicable to the offense with which the defendant was charged. There is no ground of complaint that can be seriously urged against the law as declared by the court.

## II.

We have read in detail the testimony of the various witnesses, both for the State and the defendant, testifying in this cause, and we find that this is simply one of those cases in which there is a conflict of testimony. If the jury to whom the cause was submitted and who had the facts to deal with in this case, and who had the witnesses before them detailing such facts, believed the testimony as offered by the State, then it will not be seriously contended that there was not ample testimony upon which to base the conclusions as reached by the jury. If the jury believed the testimony as offered by the defendant, beyond dispute he was entitled to be acquitted. It was clearly the province of the jury to determine the facts, and unless we are willing to overturn all the previous rulings of this court, there being substantial testimony supporting the finding of the jury, such finding will not be disturbed for the rea-

son that there was some conflict in the testimony. We see no sound reason for changing the rules as announced by this court applicable to the subject of deference to be paid to the finding of facts by a jury when there is substantial testimony upon which to base their finding.

## III.

We have critically analyzed the record upon the complaint of appellant in his motion for new trial upon the subject of the improper admission and exclusion of testimony offered during the progress of the trial, and we are unable to find any substantial ground upon which to predicate such complaint, and in our opinion it has no merit.

## IV.

In the motion for a new trial it is alleged that the defendant has discovered new and material evidence. An examination of the record, however, fails to disclose any statement or even a suggestion of what such evidence consists. Upon this state of the record it is unnecessary to cite authorities to show that the mere statement that new and material evidence has been discovered, without setting forth the nature and character of such evidence, is insufficient to warrant the court in granting a new trial.

## V.

The court by its instructions fully and fairly presented the law applicable to this case. It correctly told the jury what it took to constitute burglary and larceny; fully explained to them the presumption of innocence that attended the defendant and that the burden of establishing the guilt of the defendant beyond a reasonable doubt rested upon the State. The court also embraced in its declarations of law the defense interposed by the defendant, that of an alibi, and very clearly and in harmony with the rulings of this court,

as well as the courts of many other States, presented the question as to what would constitute a sufficient asportation of the goods charged to have been stolen. The testimony of the prosecuting witness fully warranted the jury in finding the essential element of larceny, that of asportation of the property charged to have been stolen.

We are unable to find any reversible error disclosed by the record in this cause, and failing to find any such error, there is nothing left to be done except to announce the affirmance of the judgment, and it is so ordered.

All concur.