STATE OF MISSOURI, Respondent, v. O. M. LONG,
Appellant.

**Kansas City Court of Appeals, February 15, 1915.**

1. **CRIMINAL LAW: Unlawful Prescription: Evidence: Objection.**
In a prosecution for fraudulent issuance of a prescription for
intoxicating liquor, the admission of other prescriptions cannot
be claimed as grounds of error where no objection was made.

2. **INSTRUCTIONS.** An instruction in relation to the determina-
tion of the question of the defendant's good or bad faith in
issuing the prescription *held* to be justified by the evidence
and not a comment upon the evidence.

3. ———: **Reasonable Doubt: Presumption of Innocence.** One
correct instruction upon the subject of reasonable doubt and
presumption of innocence is sufficient. There is no need of
telling the jury over and over again that the defendant is pre-
sumed to be innocent and that before the jury can convict,
they must believe the defendant is guilty beyond a reasonable
doubt.

4. ———: **Defendant a Competent Witness.** Where all the in-
structions given clearly told the jury that they were to con-
sider all the facts, circumstances and evidence in the case
in passing on defendant's guilt or innocence, and not allow
themselves to be prejudiced against him because he was the
defendant, that the indictment was a mere charge or accusa-
tion against him and no evidence whatever of his guilt, and
that the jury could not convict upon the ground of the greater
probability of guilt, that he had a right to give the prescrip-
tion in good faith as a medicine and that he could not be con-
victed unless the jury believed him guilty beyond a reasonable
doubt, there was no necessity of telling the jury the defendant
was a competent witness and the jury should consider his
testimony, and hence there was no error in refusing instruction
to that effect. The jury could not fail to understand that from
the other instructions.

Appeal from Boone Circuit Court—*Hon. D. H. Harris,*
Judge.

AFFIRMED.

*Sebastian & Sebastian* for appellant.

*E. C. Anderson* for respondent.

TRIMBLE, J.—The defendant, a physician, was indicted and tried for unlawfully and willfully making and issuing to one W. Short a prescription for intoxicating liquor, dated January 13, 1913 and numbered 262369 by the druggist who filled it. The jury returned a verdict of guilty and assessed a fine of $50. Judgment being rendered thereon, defendant appealed.

It was shown in evidence that Short, the man to whom the prescription was issued and who got the whiskey therein called for, was addicted to the habitual use of intoxicating liquor as a beverage; that not a day had passed for fifteen years prior to the trial that he did not so use it; that he drank from one to three pints a day, and that he could drink a gallon of whiskey in twenty-four hours. It was further shown that Short and the defendant were friends from boyhood; that defendant was Short's family physician; and that Short for some time had worked around the office of defendant. Defendant was therefore well acquainted with Short and must have been fully cognizant of his habits.

The defendant admitted the genuineness of his signature to the prescription on which the indictment was based, (referred to hereinafter as Exhibit A) but claimed that the whiskey therein called for was prescribed in good faith for neuralgia from which it was claimed Short suffered. The issue thus presented in the case was as to the good faith of the defendant in issuing the prescription. To prove that it was not issued in good faith, the State introduced in evidence three other prescriptions (Exhibits B. C. and D.) and had them identified as having been issued by defendant showing that on January 12, 1913, the day before Exhibit A, (the prescription in the indictment) was issued, the prescription B. was issued to Short for two pints of whiskey which he obtained; that on the same day Exhibit A. was issued, the prescription Exhibit C. was given Short for two other pints and the prescrip-

tion D. was given for two pints purporting to be issued to C. Short who was W. Short's minor son and a member of his family. No objection was made to the introduction of these prescriptions. But when the defendant went on the stand he declared that Exhibits B., C., and D. were not signed by him but were forgeries.

Thereupon on cross-examination he was shown prescriptions for intoxicating liquor marked Exhibits E. F. G. H. and I. purporting to be issued to himself and signed by the defendant, but he declared that they also were forgeries.

Afterwards, in rebuttal, the State introduced in evidence Exhibit J. after proving by a Mr. Hawkins that it was a prescription issued to him by the defendant, and that he saw the defendant sign it. When Exhibit J. was offered in evidence defendant objected to it, merely observing that there was "no question as to its validity." The court overruled the objection saying it was admitted only for the purpose of enabling to the jury to compare the signature with those in evidence. The State then introduced witnesses to prove that Exhibits E. F. G. H. and I. also bore the genuine signature of the defendant.

It is now urged that error was committed in admitting Exhibits B. to J. inclusive. However, no objection was offered to any of them except Exhibit J. and it was not only conceded to be genuine, but was properly admitted for the sole purpose of comparing it with the signatures on Exhibits B. C. and D.

These exhibits B. C. and D. were introduced to show the quantity of whiskey the defendant issued to Short the day before and on the same day he issued the prescription for which he was being tried. Defendant had admitted that such a large quantity of whiskey was not necessary as a remedy for neuralgia. These three prescriptions were offered on the question of the

defendant's good faith in issuing Exhibit A. Before they were introduced they were identified as having been issued by him. No objection was made to their introduction, and, if the evidence thereafter disclosed that the State's identification was not reliable, there was no request made that they be stricken out. We do not say the subsequent evidence did disclose that fact but if it did, no such request or motion was made.

After the defendant swore that B. C. and D. were forgeries, the State offered the others as a basis for comparison with the signatures to B. C. and D. in order that the jury might determine the question of their genuineness and thus determine whether Exhibit A. was issued in good faith. If there was any error in this procedure, or any failure to follow the provisions of section 6382, Revised Statutes 1909 in relation to the use of other signatures in the comparison of handwriting, the same cannot be urged now for reversal since no objection was made to their introduction. [State v. Bailey, 190 Mo. 257, l. c. 277.]

The same answer may be made to the defendant's complaint as to the State's examination of the witnesses, Short, Prather, and Hawkins, and the cross-examination of defendant. However, we do not mean to intimate that if objection had been made and overruled such would have constituted error.

Complaint is made of the State's instruction number 2. It told the jury that in determining whether or not defendant wrote the prescription mentioned in the indictment for other than medical purposes they might "take into consideration the physical condition of the person for whom the prescription was written at the time said prescription was written, as shown by the evidence, the quantity of liquor prescribed, the number of prescriptions written for this same person on the same day, if you find from the evidence that more than one prescription was written; the examination, if any, made by the physician to determine the physical con-

dition of the person for whom the prescription was written at the time the prescription was written, together with any other fact or circumstance in evidence tending to show the guilt or innocence of the defendant of the crime charged."

The instruction is objected to as having no evidence to support it and as being a comment on the evidence. We think there was evidence to support it. Short testified that he was a man of fairly good health, that he was down town and about on the day in question, and could not say whether he was suffering with neuralgia when he got the whiskey or not. There was no evidence that the physician did anything to inform himself so as to be able to exercise his judgment on the question whether Short needed whiskey as a remedy, and there was evidence, as already stated, of the great quantity of liquor prescribed on the same day, and that such quantity was not necessary. It has been held that similar instructions are not comments on the evidence. [State v. Whitten, 100 Mo. 525; State v. Coats, 174 Mo. 396, l. c. 416; State v. Pscher, 199 Mo. 140, l. c. 158-9.] The instruction did not tell the jury what weight should be given to the facts and circumstances but only that the law allowed them to consider the facts and circumstances, found by them to be true, and decide for themselves whether the prescription was given in good or bad faith. Otherwise the jury might believe that since the question of the necessity of a remedy was a matter of medical and expert knowledge, the jury would be bound by the mere *ipse dixit* of the doctor that it was necessary.

The refusal of defendant's instruction number 2 was not error since it was fully covered by the State's instruction number 3. There is no need of telling the jury over and over again that the defendant is presumed to be innocent and that before they can convict they must believe him to be guilty beyond a reasonable

doubt. One correct instruction on that phase of the issue is sufficient. [State v. Ferrill, 246 Mo. 322.]

The court refused defendant's instruction number 5 to the effect that the defendant is a competent witness and had a right to testify, and the jury had no right to disregard his testimony on the ground alone that he is the defendant etc. It was held in State v. Kimmel, 156 Mo. App. 461, l. c. 469, that it was not proper to tell the jury they had no right to "reject" the testimony of the defendant simply because he was the defendant, since they had a right to do that for the reason alone that he was the defendant. However, there is a slight difference between the word "disregard" and the word "reject," since the former may mean to pay no notice, or give no consideration or attention to whatever, while to reject means to refuse to accept after consideration. But even if the instruction was not in proper form, yet, if an instruction on that subject was required, it was the duty of the court, under the circumstances, to have given one that was correct. Was it required?

The jury was told in the given instructions that they must consider the case upon the evidence admitted, which, of course, included defendant's evidence, since the court admitted his testimony and submitted it to the jury along with all the other evidence. They were also told that the defendant as a practicing physician had a right to prescribe whiskey as a medicine and it devolved upon the State to prove by the evidence beyond a reasonable doubt that he did not write the prescription in good faith for the purpose of enabling Short to obtain the liquor as a medicine, but in bad faith to enable it to be obtained and used as a beverage; that unless the State proved it was so written in bad faith to the satisfaction of the jury beyond a reasonable doubt, they should find the defendant not guilty; that defendant was presumed to be innocent and before he could be convicted the evidence must show his guilt beyond a reasonable doubt; that the indictment was a

mere charge or accusation against the defendant and was no evidence of his guilt and *no juror should permit himself to be, to any extent, influenced against the defendant because of or on account of that fact;* and that they could not convict on the ground of the greater probability of guilt than of innocence. In addition to this, the court instructed the jury that they were the sole judges of the evidence, and this instruction covered the credibility of all the witnesses in the case which, of course, included defendant. If instruction number had been given, then the court would have been required to instruct for the State that the fact that defendant was on trial testifying in his own behalf should be taken into consideration in determining the weight to be given his testimony. Instead of giving either of these instructions the court gave instructions from which the jury would clearly understand that defendant was a competent witness, and his testimony was submitted for their consideration, and that they must take into consideration all the evidence and facts and circumstances therein in passing upon the question of his guilt or innocence, and must not be prejudiced against him because he was the defendant, and in addition thereto gave a general instruction applicable to all witnesses alike, defendant included. This course is the better practice. [State v. Davidson, 172 Mo. App. l. c. 368.]

In commenting upon the necessity of giving such an instruction as number 5, the Supreme Court in State v. Shaffer, 253 M. 320, l. c. 338, say: "There is not much excuse for the giving of such instructions as these where the court instructs generally as to the credibility of witnesses and as to the fact that the interest of any witness or witnesses in the case may be considered by the jury for the purpose of affecting the credibility of such witness" and, on page 339, say further that, "In our view, the giving of such instructions as these

subserves no useful purpose, and would as well be omitted and the labor of preparing the same saved.''

There is no error in the record. The jury have said defendant is guilty. Their verdict must be accepted and judgment based thereon must be affirmed. It is so ordered. All concur.