## FRED C. BLAKLEY v. STATE.

No. A-7561.   Opinion Filed Oct. 25, 1930.
(292 Pac. 878.)

Sullivan & Rice and Gerald Spencer, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Stephens county of the larceny of an automobile, and his punishment fixed by the jury at imprisonment for five years in the state penitentiary.

The evidence of the state was that W. C. Lawler was the owner of a Chevrolet coupe, 1928 model; that on the night of November 4, 1928, Lawler parked his car in front of the Wade Hotel and went in the lobby and stayed for about 30 minutes; that as he came out of the lobby he noticed his car had been backed out from the curb and heard the engine running and saw some one in the car starting west; Lawler ran and jumped on the running board and called for the police; that the defendant was

in the car driving it down the street, and cursed Lawler and ordered him to get off of the car; that Lawler would shift the gear and defendant would push it back in; that after defendant had driven the car for a block and a half, Lawler cut off the light and defendant lost control of the car and ran it into a railing near the New Duncan Hotel, where it was stopped, and that, as the car came to a stop, defendant jumped out and ran, but was arrested a short time later.

Defendant contends that the case should be reversed because this evidence was insufficient to constitute the crime of larceny, contending that at most it proved an attempt on the part of the defendant to steal Lawler's car. The evidence of the state, which is uncontradicted, shows conclusively that defendant took possession of Lawler's car and had moved it from the place where he had parked it out into the public street and had started to drive west with it before Lawler saw that it was being taken and ran and jumped on the side of the car. The state's evidence shows that the defendant had obtained complete possession and control of the car, and had such control from the time he started the engine moving until the time that Lawler ran out and jumped upon the running board of the car.

An attempt to commit the crime of larceny is composed of three elements: First, an attempt to commit larceny; second, doing some act or acts which would in the usual and natural course of events, if unhindered by extraneous causes, result in the commission of a larceny; third, failure to consummate the larceny. The third element is as important as either of the others, for, if the attempt is successful, the crime of larceny is complete, and there can be no conviction of an attempt to commit it. People v. Lardner, 300 Ill. 264, 133 N. E. 375, 19 A. L. R. 721.

The rule as stated in 25 Cyc. 19 is:

"There must be a complete severance of the chattel from the possession of the person from whom it was taken, and an assumption of actual control by the taker; and if complete control is assumed and the goods are actually carried away the least distance, it is enough, although the possession of the taker is immediately interrupted."

36 C. J. 749 states the rule:

"If the possession and control of the taker becomes absolute at any moment, the duration of his power over the things taken is immaterial. If it is exercised even for the smallest appreciable length of time, the taking is complete and effectual although the defendant immediately abandons or returns the thing."

Page 750, supra:

"The act of asportation is complete if the things are removed from their original position, however slight the change of position may be." State v. Rozenboom, 145 Iowa, 620, 124 N. W. 783, 29 L. R. A. (N. S.) 37; State v. Williams, 199 Mo. 137, 97 S. W. 562; Adams v. Commonwealth, 153 Ky. 88, 154 S. W. 381, 44 L. R. A. (N. S.) 637; McIntosh v. State, 105 Neb. 328, 180 N. W. 573, 12 A. L. R. 798.

"To take signifies to lay hold of, to seize or grasp in some manner. And in larceny there must be such a taking that the accused will acquire dominion over the property. While the severance of the possession of the owner, and the actual possession of the wrongdoer, may be but for a moment, and while the length of time they continue is not important, still as appreciable facts they must exist." 17 R. C. L., p. 9, § 7.

Under the evidence of the state the intent of the defendant to permanently deprive the owner of his property is apparent, and the taking of the property from the possession of the owner by defendant and his control over

it for a short period of time is clearly established. Under the authorities cited this makes it a complete case of larceny.

The defendant next contends that the court erred in failing to instruct the jury upon the law of attempted larceny. Since there was no evidence in the record tending to show such an offense, it was not necessary for the court to give such instruction. The instructions given by the court upon its own motion fairly state the law of the case. The defendant saved no exceptions to these instructions and made no request for any other or additional instructions.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.