JACK BRINKLEY v. STATE.

No. A-9091. Oct. 2, 1936.
Rehearing Denied Oct. 23, 1936.
(61 Pac. [2d] 1023.)

R. N. Linville, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J.  Upon an information charging that on or about the 13th day of October, 1934, in Caddo county, Jack Brinkley did take, steal, and carry away about nine sacks of ear corn of the value of less than $20, the personal property of Francis Engles, the defendant on his trial was found guilty and his punishment assessed at a fine of $100 and imprisonment in the county jail for 30 days.  A new trial having been denied, he appeals from the judgment entered in conformity with the verdict.

The only ground relied upon for a reversal of the judgment is that the evidence is not legally sufficient to support the verdict.

The evidence on the part of the state is undisputed. It shows, or tends to show, the following facts:

That on the night of the date alleged between 8 and 9 o'clock Harry Cleveland, city marshal of Hinton, on his way to Binger, a few miles south of Hinton, passed a Ford car parked near a cornfield, he stopped, looked in the car and saw a bunch of tools, wrenches, a hack saw, and a pair of cowboy boots. The back seat and upholstering were gone, there was a blanket and two gunny sacks in the car. He went to Lookeba and inquired if anybody left the car out there, then returned with two other officers, and they trailed shoe tracks up to a barn and back through a cornfield to where the car was parked. About 11 o'clock the officers again went out to make another search, and found the car was gone. A car came over the hill and they followed it on to Hinton; there they stopped it. The defendant was in the car and had on the boots that were in the parked car. He said he saw the officer when he examined the parked car; that he was with a fellow that was drunk and did not come to the car because he was afraid the officer would arrest this fellow. The next morning the officers returned to where the car had been parked and found nine sacks of corn by the side of the fence, 200 yards south of where the car was parked; they found tracks leading from where the car was parked out into the cornfield, found a sack in the cornfield that had a shoulder strap, and found a pair of shoes down the road a couple of miles from where the car was parked. The shoes were offered in evidence; they corresponded to and fitted the tracks found near the parked car and in the cornfield.

The witness Cleveland testified that he noticed the car they were following that night slowed down near where the shoes were found.

Francis Engles testified that he lives near Lookeba; that with the officers he found nine sacks of corn piled up by the roadside fence on his place; that the corn had been pulled from the stalks in his field about 50 yards from the fence and had been taken from the stalks on 20 rows; that it was worth 75 cents a bushel. On cross-examination he stated that he did not own the farm; that with his mother he was a share-crop renter, but he managed the place and it was his corn; that it was stacked inside the fence.

At the close of the evidence the defendant interposed a demurrer to the same on the ground that it wholly fails to support the allegations in the information and moved the court to instruct the jury to return a verdict of not guilty. The same being overruled, exceptions were taken.

There was no testimony offered on the part of the defendant.

It is insisted on the part of the defendant that the evidence wholly failed to connect the defendant with the crime charged and that the facts and circumstances in evidence are insufficient to establish the commission of the crime charged, in that the corn in question was not taken from the possession of the owner and no asportation is shown.

Our Penal Code defines larceny as follows:

"Larceny is the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof." Section 2253, St. 1931.

It is our opinion that the crime of larceny was complete when the ear corn was pulled from the stalks and put in the sacks and carried to the roadside fence.

The rule as stated in 36 C. J. p. 749, par. 48, is:

"To constitute an asportation or carrying away of goods it is not necessary that they should be removed from the building or yard in which they are stored or from the vehicle in which they are being transported. The act of a thief in putting an article into his pocket or into a basket which he carries is an asportation, even though he never leaves the owner's premises."

"All that the law requires is that there should be a trespass upon the possessory right of the owner of the thing taken. Any taking, therefore, which constitutes a trespass is sufficient whether it is done forcibly, by actual trespass, or fraudulently by constructive trespass, personally or through the agency of another." 36 C. J. 751, par. 55.

In Warnke v. State, 89 Ind. App. 683, 167 N. E. 138, the Appellate Court of Indiana held:

"Crime of larceny was complete at time chickens were taken from roost and put into sack, regardless of fact that one taking them was shot before he succeeded in removing chickens from premises, in that there was more than an intent to steal."

In Blakley v. State, 49 Okla. Cr. 10, 292 Pac. 878, this court held:

"To constitute larceny there must be a complete severance of the chattel from the possession of the person from whom it was taken, and an assumption of actual control by the taker; and if complete control is assumed and the goods are actually carried away the least distance, it is enough, although the possession of the taker is immediately interrupted."

Upon the record before us there is proof of circumstances from which a reasonable and logical inference arises that the defendant committed the offense charged. Altogether, we think the circumstances point to his guilt and exclude every other reasonable hypothesis, and, in

the absence of any explanation by the defendant, was sufficient beyond a reasonable doubt to establish his guilt.

From what has been said, it follows that the judgment should be, and it accordingly is, affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.