No. 34,305

THE STATE OF KANSAS, *Appellee*, v. WILLIAM HOOK, *Appellant*.

(92 P. 2d 14)

Opinion filed July 8, 1939.

*A. L. Foster*, of Parsons, for the appellant.

*Jay S. Parker*, attorney general, *A. B. Mitchell*, assistant attorney general, and *Daniel O. Lardner*, county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this action defendant was charged with the larceny of personal property, to wit: five steers of the aggregate value of $300. He was convicted and appeals.

There was evidence on behalf of the state that about 8 p. m. October 17, 1938, an accomplice drove his truck to within a quarter of a mile of defendant's home, where the defendant met him, and accompanied him to a nearby pasture, where some cattle were enclosed;

that within this pasture between the hours of 8:15 p. m. on October 17, 1938, and 3 o'clock, a. m., October 18, 1938, the five head of cattle were slaughtered and hauled away in the truck by defendant and his accomplice. There was also evidence that the defendant and his accomplice after the truck was parked went into another part of the pasture and drove the cattle over close to where the truck was standing before killing them.

The charging portion of the information was as follows:

"William Hook, then and there being, did then and there willfully, unlawfully and feloniously steal, take and carry away certain personal property to wit: Two (2) White Faced steers coming two (2) year old; and three (3) coming two (2) year old Pole Angus steers, of the aggregate value of three hundred ($300) dollars, being the property of and owned by Joe O'Bryan, with the willful, unlawful and felonious intent and purpose to permanently deprive the said Joe O'Bryan of the same."

This information was evidently drawn with the idea of charging a violation of G. S. 1935, 21-533. That section reads as follows:

"Every person who shall be convicted of feloniously stealing, taking or carrying away any money, goods, rights in action or other personal property or valuable thing whatsoever of the value of twenty dollars or more, or any automobile, or motor vehicle, or any horse, mare, gelding, colt, filly, ass, mule, neat cattle, sheep, goat, hog or in the nighttime any domestic fowls, harness or saddles, belonging to another, shall be deemed guilty of grand larceny."

Defendant points out the provisions of G. S. 1935, 21-539. That section reads as follows:

"If any person mark or brand, or alter the mark or brand of any animal, the subject of larceny, being the property of another, with intent to steal or convert the same to his own use, or shall willfully kill such animal with intent to steal or convert to his own use, the carcass or skin or any part of the animal so killed, he shall be adjudged guilty of larceny, and punished in the same manner as if he had feloniously stolen such animal."

Defendant refers to the evidence that has been stated here and argues that because defendant killed the cattle before he took them out of the pasture he was guilty of a violation of G. S. 1935, 21-539, rather than of G. S. 21-533, with a violation of which he was charged and hence his demurrer to the state's evidence should have been sustained.

This contention is not good. In the first place, when cattle are killed on the owner's place and the carcasses are taken away, the person who kills the cattle and takes them away is guilty of larceny, as described in G. S. 1935, 21-533. (See 36 C. J. 750.) In the second place, when the defendant and his accomplice drove the cattle

from one part of the pasture to another they took them into their possession and deprived the owner of them. Larceny was complete then. (See *State v. Taylor*, 136 Mo. 66, 37 S. W. 907; also *State v. Williams*, 199 Mo. 137, 97 S. W. 562.)

The judgment of the trial court is affirmed.