Ivory Mac AUSTIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13880.

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1966.

Ralph Samara, Oklahoma City, for plaintiff in error.

Charles L. Owens, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Ivory Mac Austin, hereinafter referred to as defendant, was charged in the District Court of Cleveland County with the crime of Grand Larceny. He waived a jury trial, was found guilty by the trial judge, and sentenced to Two Years in the penitentiary. From that judgment and sentence he has perfected his appeal to this Court.

The facts reveal that defendant was charged conjointly with Mary Jo Pondexter and Barbara Phillips, while acting together and in concert, with stealing and carrying away four mens suits from the Vandervort-Wood Apparel Shop in Moore, Oklahoma.

Two of the employees of the store testified, in substance, that on February 3, 1965, they observed the defendant and the two women get out of a Cadillac and enter the store. The defendant went to the sports coat department, the two women to the mens suit department; that defendant then occupied Mr. Wood's attention for 10 to 15 minutes; he then called to the women that he was ready to leave. As the women walked from the rear of the store toward the front, Mr. Wood could see that their dresses were bulging suspiciously, and they kept stopping and bending over as though they were pulling on their hose. Finally, a coat sleeve of a man's suit fell down into view from under Mrs. Pondexter's dress, and after they passed the check out stand in the front of the store, Mr. Wood stepped in front of Mrs. Pondexter; reached down and caught hold of the coat sleeve, and pulled. Two suits fell out. The other woman, Mrs. Phillips, stepped in between

the jewelry counter and the office and Mr. Austin stepped in front of her. When he did, she flipped her dress and two more men's suits fell out from beneath her dress. At this point, Mrs. Pondexter ran out the front door and Mr. Wood ran after her. He requested the help of the manager of the T. G. & Y. store, and sent another employee to get the manager from Peery's Cafeteria, and still another employee called the police. Mr. Woods followed Mrs. Pondexter down Interstate 35 until the police came and picked her up. The defendant was arrested at the store. This was the substance of the case presented for the state. The defendant offered no evidence or testimony.

■ Defendant's first proposition of error is that the evidence did not establish that *he* had possession of the suits, nor was *he* caught in the act of concealing and carrying them away, therefore he cannot be charged with the actual theft of the suits.

This contention completely overlooks or ignores the fact that he was charged conjointly, "while acting together and in concert with" the two women who were actually caught with the suits, and who accompanied him into the store. In the recent case of Hampton v. State, Okl.Cr., 407 P. 2d 210, this Court stated:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense or aid and abet in its commission, are principals." Title 21, O.S.A. § 172.

Since defendant did not personally have possession of the stolen articles, this Court must determine if the evidence presented was sufficient to establish that defendant did, in fact, aid and abet the two women in the crime of Larceny, which has been defined in Oklahoma by statute as follows:

"Larceny is the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof." Title 21 O.S.A. § 1701.

■ Certainly, the acts of the two women are sufficient to constitute larceny, and,

from the facts, there can be no doubt that defendant was working with them in this scheme: (1) They arrived together in the same car, and defendant's wife waited outside, in the car; (2) Defendant diverted the manager's attention in another part of the store for some 10 to 15 minutes, without purchasing anything; (3) He called out to the women that he was ready to leave; (4) After the manager had stopped the one woman and pulled the two suits from under her dress, defendant stepped between the manager and the other woman, attempting to conceal her while she pulled the other suits from under her dress.

■ This Court is of the opinion that defendant's connection can be established by the above circumstantial evidence, and that it is sufficient to support the verdict.

Title 22 O.S.A. § 432, provides:

"The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried, and punished as principals, and no additional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal."

■ Defendant further complains that since the suits were not removed from the premises, that there was no actual asportation or taking, and certainly no removal by him, as he did not have possession of them. 52 C.J.S. Larceny § 4, at pg. 800, states:

"Under some statutes, where goods are taken with intent to appropriate, it is not necessary that the appropriation be completed or consummated in order to constitute the offense, since the crime was complete when accused took control of the goods with intent to appropriate them."

52 C.J.S. Larceny § 6, at pg. 802, regarding asportation, states:

"In order to constitute an asportation of goods it is not necessary that they should be removed from the building or yard in which they are stored, or from the vehicle in which they are being transported, but any removal of the property or goods from their original status, such as would constitute a complete severance from the possession of the owner, constitutes an asportation or carrying away, even though the transfer of possession existed for a very brief period of time. Thus the act of a thief in putting an article into his pocket or into a basket or sack which he carries is an asportation, *even though he never leaves the owner's premises.*" (Emphasis ours.)

And, further:

"The taking of goods from a box or barrel and laying them on the floor beside it constitutes an asportation of them; and so does the act of taking grain from a bin and putting it into sacks or into a truck, or having bales of cotton marked and segregated as the property of the thief, *or removing goods from a rack and concealing them under the taker's clothing, even though the theft is detected and stopped before there is any removal of the goods from the premises where they were stored.* * * *" (Emphasis ours.)

This has been passed on in Oklahoma in the Brinkley v. State case, 60 Okl.Cr. 106, 61 P.2d 1023, where it was held that the mere act of pulling corn from the stalks and putting it in a sack constituted asportation. Hagan v. State, 76 Okl.Cr. 127, 140, 134 P.2d 1042.

■ And, in Blakley v. State, 49 Okl.Cr. 10, 292 P. 878, wherein the following rule is stated as follows:

To constitute larceny "[t]here must be a complete severance of the chattel from the possession of the person from whom it was taken, and an assumption of actual control by the taker; and if complete control is assumed and the goods are actually carried away the least distance, it is enough, although the possession of the taker is immediately interrupted."

See, also, Winegar v. State, 92 Okl.Cr. 139, 222 P.2d 170.

■ Defendant next complains that the four suits were improperly admitted into evidence, however, this Court, having ruled above that the defendant was shown to be a principal to this crime, in that he aided and abetted in its commission, is of the opinion that the suits were properly admitted.

This Court has carefully examined this record, because of the close question of law herein involved, and are of the opinion that the defendant had a fair and impartial trial, and the judgment and sentence of the trial court is hereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.