Lester Leroy HUTCHINSON,
Plaintiff in Error

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13969.

Court of Criminal Appeals of Oklahoma.
March 29, 1967.

Rehearing Denied May 10, 1967.

Thomas R. Williams, Guthrie, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge:

Lester Leroy Hutchinson, hereinafter referred to as the defendant, was charged by information in the District Court of Logan County with the crime of Grand Larceny, After Former Conviction of a Felony. He was tried by a jury, found guilty, and his punishment assessed at Ten Years in the penitentiary. From that judgment and sentence he appeals as an indigent through his court-appointed attorney, who also represented him at the trial. He presents several allegations, all of which urge one basic error—that the evidence was insufficient to sustain the charge, and the verdict of the jury.

The evidence presented for the state consists of the testimony of the complaining witness, and the police officer who arrested defendant. Mr. Kirk Meaders, the owner and manager of the Ben Franklin Store in Guthrie, testified, in substance, that there

is a stock room in the rear of the store; and that in order to reach the office, it was necessary to pass through the door to the stock room, turn to the left, go up approximately four steps, then through a door to the office. He stated that on this particular day, he had taken from his cash box in his office certain sums of money and deposited them in the bank. The cash box, at 2 p. m., was left by Mr. Meaders in a locked drawer in his office, which had only the one door. At that time the cash box contained $45.69. At approximately 3 p. m. of the same day, the manager saw the defendant at the rear of the store, entering his office. The manager started for the office himself, and saw the defendant emerge from his office with the cash box under his arm. The defendant ducked momentarily out of his sight, up the steps, and then re-emerged without the cash box. Mr. Meaders found the cash box on the landing by his office door, almost immediately thereafter.

The momentary disappearance of defendant from the eye's view of the manager; and the fact that defendant didn't actually leave the store with the cash box; and the fact that there was no evidence of defendant's breaking into the locked file where the cash box was kept, other than circumstantial, seems to be the basis for the allegations of error.

However, defendant failed to take into consideration the testimony regarding the chase of defendant by Mr. Meaders from the store; and the testimony of the police officer who arrested him trying to hide in the back room of the pool hall; and the fact that there was a screwdriver laying in close proximity in said room, with a tag from the Ben Franklin Store attached to it.

Mr. Meaders further identified the cash box as an unusual one that he had purchased in St. Louis; and that his store didn't carry any like it in stock.

Defendant goes to great length to attempt to establish that there was no asportation of the cash box by the defend-

ant, as he didn't leave the store with it. This Court has very recently reviewed this question of asportation in grand larceny in the case of Austin v. State, Okl.Cr., 418 P.2d 103, opinion handed down September 14, 1966, stating in the body of the opinion at page 105:

"Defendant further complains that since the suits were not removed from the premises, that there was no actual asportation or taking, and certainly no removal by him, as he did not have possession of them. 52 C.J.S. Larceny § 4, at pg. 800, states:

'Under some statutes, where goods are taken with intent to appropriate, it is not necessary that the appropriation be completed or consummated in order to constitute the offense, since the crime was complete when accused took control of the goods with intent to appropriate them.'

52 C.J.S. § 6, on Larceny, at pg. 802, regarding asportation, states:

'In order to constitute an asportation of goods it is not necessary that they should be removed from the building or yard in which they are stored, or from the vehicle in which they are being transported, but any removal of the property or goods from their original status, such as would constitute a complete severance from the possession of the owner, constitutes an asportation or carrying away, even though the transfer of possession existed for a very brief period of time. Thus the act of a thief in putting an article into his pocket or into a basket, or sack which he carries is an asportation, *even though he never leaves the owner's premises.*' (Emphasis ours)

And, further:

'The taking of goods from a box or barrel and laying them on the floor beside it constitutes an asportation of them; and so does the act of taking grain from a bin and putting it into sacks or into a truck, or having bales of cotton marked and segregated as the property of the thief, *or removing goods from a rack and concealing them under the taker's clothing, even though the theft is detected and stopped before there is any removal of the goods from the premises where they were stored.* * * *'* (Emphasis ours)

This has been passed on in Oklahoma in the Brinkley v. State case, 60 Okl.Cr. 106, 61 P.2d 1023, where it was held that the mere act of pulling corn from the stalks and putting it in a sack constituted asportation. Hagen v. State, 76 Okl.Cr. 127, 140, 134 P.2d 1042.

And in Blakley v. State, 49 Okl.Cr., 10, 292 P. 878, wherein the following rule is stated as follows:

'To constitute larceny there must be a complete severance of the chattel from the possession of the person from whom it was taken, and an assumption of actual control by the taker; and if complete control is assumed and the goods are actually carried away the least distance, it is enough, although the possession of the taker is immediately interrupted.'

See, also, Winegar v. State, Okl.Cr., 222 P.2d 170."

█ This amply covers the question of asportation raised, and we will not discuss it further, other than to say that the evidence was sufficient in the instant case to establish the fact that defendant had possession and control of the cash box, with the intent to deprive the owner thereof.

█ This Court has held innumerable times that thieves seldom commit their acts in plain view. It is necessary in almost every case to rely on circumstantial evidence for a conviction. The jury was adequately instructed regarding circumstantial evidence in this case, and we are of the opinion that the evidence was sufficient to support their verdict.

It is therefore the opinion of this Court that the judgment and sentence should be, and the same is, affirmed.

We would like to commend the court-appointed attorney, Mr. Thomas .R. Williams, for his extensive and well-written brief; and the conscientious manner in which he pursued his client's case, both at trial and on appeal.

BUSSEY and BRETT, JJ., concur.