**Robert Mark TURNER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–73–55.**

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1973.

Rehearing Denied Jan. 24, 1974.

Gerald E. Kamins, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court, Tulsa County, Case No. CRF–14–74, appellant, Robert Mark Turner, hereinafter referred to as defendant, waived a jury trial and was charged, tried and convicted for the offense of Larceny of Merchandise from a Retailer. His punishment was fixed at thirty (30) days imprisonment in the county jail. From that judgment and sentence, he has perfected a timely appeal to this Court.

Bob Randolph, Deputy Sheriff of Tulsa County, testified he was employed as a security guard for Safeway Store #488 located at Pine and Lewis, Tulsa, Oklahoma. On December 14, 1972, at approximately 2:35 p. m., Randolph observed defendant and a companion standing near the meat freezer in the above store. He observed defendant obtain meat from the freezer. Subsequently, defendant and his companion walked to the rear of the store and then proceeded to the south side of the store near the produce counter. In this vicinity

he observed defendant place the meat inside of his belt and trousers, concealing it with his shirt and leather coat. From that point they walked to the checkout counter located approximately sixty feet from the point where the meat was concealed. Upon arrival at the checkout counter, while defendant was in front of the counter making his purchase, Randolph stopped defendant and searched his person. The search revealed a $1.73 steak concealed in defendant's belt beneath his shirt and coat. Randolph stated defendant had no other merchandise in his possession at that time.

For the defense Larry Cris Whitekiller, defendant's companion on the day in question, testified he and defendant were shopping together and were standing before the checkout counter at the time of defendant's search and arrest. Whitekiller testified that the defendant had in his possession a sack of oranges which he apparently intended to purchase. Further, Whitekiller testified he did not observe defendant place the meat under his belt.

 Defense counsel's first three propositions of error allude to the argument that two elements of the offense of Larceny, asportation of the property and intent permanently to deprive the owner of the property, are not supported by legally sufficient evidence. In the case of Hutchinson v. State, Okl.Cr., 427 P.2d 112 (1967), this Court, in the second paragraph of its Syllabus stated as follows:

"In order to constitute an asportation of goods, it is not necessary that they should be removed from the building in which they are stored, but any removal of the goods from their original status, such as would constitute a complete severance from the possession of the owner, constitutes an asportation or carrying away, even though the transfer of possession existed for a very brief period of time."

It is this Court's opinion that the defendant's removal of the meat from the freezer, concealment of the meat beneath his clothing, and transportation of the meat approximately sixty feet to the checkout counter constituted sufficient circumstantial evidence from which the trier of facts could reasonably conclude the element of asportation of the property was proved. Further, coupling the above circumstances with the record indicating the defendant had ample opportunity to produce the meat from beneath his belt and make a payment, it is this Court's opinion there is sufficient evidence to prove defendant had the requisite intent to permanently deprive the owner of possession of this property. We therefore find defendant's conviction to be supported with legally sufficient evidence. See also Austin v. State, Okl.Cr., 418 P.2d 103 (1966). Consequently, we will not disturb the judgment of the trier of facts as it is predicated upon legally sufficient evidence. Jones v. State, Okl.Cr., 468 P.2d 805.

 Defense counsel finally asserts that the punishment is excessive and consequently, this Court should modify the punishment imposed by the trial judge. We note that defendant did receive the maximum penalty as provided by law. However, the record in the instant case is free of any error which would require this Court to modify the sentence. We cannot conscientiously say that under the facts and circumstances this sentence is so excessive as to shock the conscience of the Court. For this reason, this Court will not grant a modification of the sentence in this case. See Clouse v. State, Okl.Cr., 389 P. 2d 1002 (1964).

The judgment and sentence is affirmed.

BUSSEY and BRETT, JJ., concur.