**Raymond E. HALFORD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–143.**

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1977.

Michael A. Emmons, Chickasha, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern, for appellee.

OPINION

BRETT, Judge:

The appellant, Raymond E. Halford, hereinafter referred to as defendant, was charged by information with the crime of Grand Larceny, After Former Conviction of a Felony, pursuant to 21 O.S.1971, § 1704, in the District Court, Grady County, Oklahoma. In a two-stage jury trial the defendant was convicted and sentenced to five (5) years in the State penitentiary. From this judgment and sentence, the defendant has perfected his timely appeal.

The State's first witness, Mr. Harley C. Cole, testified that he was employed as Sales Manager of the Don Martin Chevrolet-Cadillac Dealership and one of his responsibilities was to keep track of spare tires for pickup trucks on the lot. When Mr. Cole left work on January 31, 1976, all of the pickup trucks were equipped with spare tires; however, when he returned the next day, six trucks were missing spare tires. The witness testified that the missing tires were worth $447.00 and that he had not given anyone permission to take them. The witness stated that the tires had been mounted underneath the pickups at the extreme rear in a spare tire carrier, which is a long metal strap with a long bolt that comes down from the frame of the pickup and tightens to hold the tire in place and that he had put locks on each of the racks before he left the lot on January 31, 1976. The racks from which the tires were missing were found unlatched and on the pavement. Mr. Cole identified the tire that had not been sold since the incident and pictures of the other tires. He also identified two broken locks as the locks he used to secure the spare tires.

The State's next witness was Don Martin, who was the owner of Don Martin Chevrolet-Cadillac Dealership. He testified that he was the owner of the tires in question and that he had not given anyone permission to take them.

A patrolman for the Chickasha Police Department, Kenneth Ray Robinson, testified that at about 10:40 p. m. on January 31, 1976, Officer Robinson was on routine patrol when he entered the premises of Don Martin Chevrolet-Cadillac Dealership. After he had driven past the showroom, he saw the defendant walking out from between the first and second vehicle in the second row of trucks. The defendant then walked toward the officer's patrol car. The witness called for a backup car as the defendant approached the car and then pulled up beside the defendant and asked him for identification. In the course of their ensuing conversation, the defendant stated that he was looking at new pickups with the thought of trading his for a new one. The defendant also pointed out to the witness his pickup which was parked on a back road called Ponderosa Road after which the witness told the defendant he was free to go. Two other officers soon arrived at the scene and one of these officers, Officer Hauger, discovered six new tires leaning up against a pickup between the second and third pickups in the second row of vehicles, or approximately where Officer Robinson first saw the defendant emerge. When the tires were discovered, the witness radioed to another officer to stop the defendant. The witness testified that he subsequently arrested the defendant.

Harley Cole was then called back to the stand. He testified that he found two locks that were used to secure the tire racks just off Ponderosa Road parallel to the back two rows of the vehicles.

The State next called Robert Joe Hauger, a police officer for the City of Chickasha who testified that on the night in question he went to the Don Martin Chevrolet lot in response to a radio call from Officer Robinson. After arriving, he noticed six new tires leaning up against a pickup which he reported to Officer Robinson. Robinson then got into his patrol car and left. Officer Hauger then transported the tires to the police station.

Officer Danny Sterling, the State's next witness, testified that in response to Officer Robinson's radio communication he stopped the defendant on Ponderosa Road. He testified that when he stopped him the defend-

ant was alone and that there was no lighting on Ponderosa Road. He corroborated previous testimony as to the six new tires leaning against the pickup in plain view.

The State's final witness was Detective David McClaren, who testified that he took pictures of the tires in question and of the pickups from which the tires were missing. He also offered testimony relating to the chain of custody of those pictures. During his investigation, the witness had found two forced and bent locks just west of the first row of pickups.

The defendant then demurred to the evidence, and his demurrer was overruled by the court. The defendant rested and closing arguments were heard.

In the single assignment of error presented by the defendant, it is contended that the State failed to prove the material elements of the offense.

■ The defendant contends that the trial court erred in overruling the defendant's demurrer to the evidence. In the body of the brief, the defendant argues that the trial court should have sustained the defendant's demurrer because the State's evidence was not sufficient to sustain a conviction; the conviction in this case was supported wholly by circumstantial evidence. We have often held that a criminal case may be proven by circumstantial evidence and that reasonable inferences drawn from that circumstantial evidence have the same probative value as does direct evidence. *Luker v. State*, Okl.Cr. 552 P.2d 715 (1976), *Webber v. State*, Okl.Cr., 545 P.2d 795 (1975).

■ In *Hardy v. State*, Okl.Cr., 562 P.2d 943, 947 (1977), this Court set out the sufficiency of circumstantial evidence that is to support a conviction.

"As we have often stated, this Court will not reverse a conviction which was based upon legally sufficient evidence. Further, when the evidence relied upon by the State for a conviction is circumstantial, legally sufficient evidence means that the facts proven need not be such as to exclude every hypothesis or negate any

possibility other than guilt, *Luker v. State*, Okl.Cr., 552 P.2d 715 (1976); but they must be such as to exclude every *reasonable* hypothesis or conclusion, except that of guilt. *Gary v. State*, Okl.Cr., 561 P.2d 83 (1977); and, *Brown v. State*, Okl.Cr., 481 P.2d 475 (1971). We are of the opinion that the evidence proven by the State . . . was sufficient to meet this burden. . . . "

In this case, the incident occurred late at night, after the dealership had closed. The defendant was first seen coming from the area where six new spare tires were later found in plain view leaning against a pickup. Removing the tires from the trucks was sufficient to constitute a taking. See, *Hutchinson v. State*, Okl.Cr., 427 P.2d 112 (1967); *Austin v. State*, Okl.Cr., 418 P.2d 103 (1966). When he was questioned about his being at the car lot at that late hour, the defendant made no mention of the out of place tires. The defendant's pickup was parked on a dark back road in the back of the lot, while the car lot itself was easily accessible by auto. Last, sprung locks that had been used to fasten the tires to the spare tire racks of the pickups were found between the last row of vehicles on the lot and the dark road where the defendant had parked his pickup. The evidence is clearly adequate to exclude every reasonable hypothesis or conclusion except that of guilt.

BUSSEY, P. J., and CORNISH, J., concur.