**UNITED STATES**

v.

**Airman First Class Gene S. PELLEGRINI, FR 249–43–0027, United States Air Force.**

**ACM S27377.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 Oct. 1986.

Decided 7 May 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major David F. Barton.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

DECISION

LEWIS, Judge:

The appellant pleaded guilty to larceny of various items from the Base Exchange at divers times and attempted larceny of others. He was sentenced to a bad conduct discharge, confinement for two months and reduction to airman basic. In reviewing prosecutions under Article 121, U.C.M.J., 10 U.S.C. § 921, we do not frequently become involved in determining the form of wrongful conversion by which an accused has misappropriated another's property. Vestiges of earlier concepts of criminal liability remain, however. In certain cases it is essential that such concepts be reintroduced into our analysis to assist in resolving the issue of an accused's culpability. *See United States v. Castillo,* 18 M.J. 590 (N.M.C.M.R.1984). This is such an instance.

The larcenies and attempted larcenies were accomplished by the appellant's removal of posted price tags from items and substitution of tags reflecting lower prices. With respect to the larceny specification, the appellant was alleged to have wrongfully obtained several items of merchandise in a total amount of approximately $1,300.00. He did this by paying approximately $200.00 for items priced at approximately $1,500.00. Among the items included were two Pioneer car stereos. The appellant now claims that his plea of guilty, insofar as it pertained to these two particular items, was improvident. For reasons set forth herein, we agree.

The essential facts pertaining to the alleged larceny of the two car stereos are set forth in a stipulation of fact entered into by the parties:

On 15 July 1986, the Accused switched price tags on the 2 Pioneer car stereos listed above and paid the cashier the false price tag amounts. While bagging the merchandise, after the sale was completed, the assistant BX manager noticed the price discrepancy. *She refused to release the items to the Accused* but offered them to him at the correct price. He refused and was refunded the amount he had already paid. (Emphasis added).

During the providence inquiry the military judge asked the appellant, "So you actually pulled the price tag switch and went up and paid for them [referring to the two car stereos] and took control of them?" The appellant replied affirmatively. He also replied affirmatively to the following query: "But if I understand this stipulation of fact it states that after that transaction was completed and you had control of those two items that, apparently, the assistant BX manager then noted the price discrepancy. Is that true?" We view these queries and responses, through their implication that the appellant exercised "control" over the merchandise after the point of sale, as contradicting rather than clarifying the stipulation.

We believe it is likely that the military judge discerned the same legal problem which we will address shortly. However, his queries and the appellant's responses thereto did not alter the clear import of the stipulation, which we regard as controlling in this situation. R.C.M. 811(e). The stipulation is very clear in its statement that the merchandise was not released to the appellant. On the basis of the stipulation we conclude that the described larceny was not complete. Therefore, the record does not factually support the appellant's plea of guilty insofar as it related to the two car stereos. *United States v. Davenport,* 9 M.J. 364 (C.M.A.1980).

It is readily apparent that the theory of the appellant's culpability was based upon a series of larcenies by false pretenses or, in other words, the wrongful obtaining of Exchange merchandise. M.C.M., Part IV, paragraph 46c(1)(a) (1984). *See United States v. Pond,* 37 C.M.R. 855 (A.F.B.R. 1966), *rev'd on other grounds,* 17 U.S.C. M.A. 219, 38 C.M.R. 17 (1967). The Manual instructs us that "property is not 'obtained' by merely acquiring title thereto without

exercising possessory control over it." M.C.M., Part IV, paragraph 46c(1)(b) (1984). As we have noted, the stipulation directly undermines the conclusion that the appellant ever exercised possessory control over the stereos after he reached the cash register.

Appellate government counsel argue that the appellant exercised the requisite possessory control to perfect the offense of larceny before he ever reached the cash register, when he switched the price tags on the items. In support of this contention they cite *People v. Bradovich*, 305 Mich. 329, 9 N.W.2d 560 (1943), and *Hutchinson v. State*, 427 P.2d 112 (Okla.1967). The former case involved shoplifting of men's apparel. In the latter case the defendant was charged with theft of a cash box from the manager's office in a variety store. Both cases stand roughly for the proposition that a thief need not actually depart a store with stolen goods to be successfully prosecuted. The larcenies in question were considered to have been consummated when the defendants took possession of the property.

The principle cited by appellate government counsel is no different in military law. *See* M.C.M., Part IV, paragraph 46c(1)(b) (1984). However, it has no applicability to this case. The appellant was not engaged in a wrongful taking of property as were the principals in *Bradovich* and *Hutchinson*. If he had intended to spirit the items in question out of the Exchange without making any payment, we would readily agree that the larceny of the items would have been complete as soon as he acquired initial physical possession of them. In this event, the switching of price tags would have been a superfluous act. However, the appellant was engaged in a wrongful obtaining of goods through a false pretense, the proffer of the wrong price tags. Such a larceny becomes an accomplished fact "[w]hen a misrepresentation is the operating cause of an owner parting with possession of his property." *United States v. Pond, supra,* 37 C.M.R., at 858. It is the illegality of the transaction which creates the larceny. *Id.* While the accused in

*Pond* had not yet departed the store when he was detained and questioned by an assistant manager, he had clearly acquired possession and control of the merchandise after the point of the fraudulent purchase. In the instant case the transaction was not completed to the point of larceny. Exchange personnel did not surrender possession of the goods, nor did the appellant have the opportunity to obtain dominion over the goods, after the sale was recorded.

The hair we are splitting is fine, but critical. While by no means dispositive of the issue before us, two opinions of the Court of Military Appeals provide useful points of reference for military practitioners who are faced with the necessity of distinguishing an "obtaining" from a "taking" type of larceny. *See United States v. Seivers,* 8 M.J. 63 (C.M.A.1979) (larceny of insurance claim funds by false pretenses did not reach fruition until the accused had received an insurance company draft, endorsed it and deposited it in his account). *Compare United States v. Escobar,* 7 M.J. 197 (C.M.A.1979), in which the Court discusses "common law" larceny, by taking, and the difficulty one may encounter in determining how long an asportation continues.

Our analysis of the facts in this case leads us to conclude that the "asportation," which in a normal course of events would have begun shortly after the sale, never commenced. In a case like this, the appellant's movement of the merchandise from its original location in the store to the cash register was not an asportation of the property. However, coupled with the affixing of false price tags, it was an overt act done in contemplation of larceny by false pretenses. M.C.M., Part IV, paragraph 4c(2) (1984). The appellant was clearly guilty of an attempted larceny of the two car stereos, and the record is sufficient to sustain his plea of guilty to this extent. However, we elect to resolve this case in a different manner, as noted below.

Given the compound nature of the two specifications involved, and in the interest of judicial economy, we modify the Specification of Charge I by deleting the words, "one (1) fishing pole, and two (2) Pioneer car stereos, of a value of about $1,300.00," and substituting therefor the words, "and one (1) fishing pole, all items of a total value of about $750.00." We approve the finding of guilty of the Specification as so modified. We reassess the sentence and find that it is appropriate for the findings of guilty as modified. We are convinced that the sentence is no greater than would have been adjudged if the findings at trial had been consistent with the findings we affirm.

We have examined the record of trial, the assignment of errors and the government's reply thereto and have concluded that the findings, as modified, and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused, except as heretofore noted, was committed. Accordingly the modified findings of guilty and the sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge STEWART concur.